**No. 15-1375**

# In the
# United States Court of Appeals
## for the Federal Circuit

HALO CREATIVE & DESIGN LIMITED, HALO TRADEMARKS LIMITED, HALO AMERICAS LIMITED,

*Plaintiffs-Appellants,*

v.

COMPTOIR DES INDES, INC., DAVID QUAKNINE,

*Defendants-Appellees.*

———————————————

Appeal from the United States District Court
for the Northern District of Illinois, Case No. 1:14-cv-08196.
The Honorable **Harry D. Leinenweber**, Judge Presiding.

## BRIEF OF PLAINTIFFS-APPELLANTS

RICHARD D. HARRIS
BARRY R. HORWITZ
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 465-8400
Facsimile: (312) 456-8435

*Attorneys for Plaintiffs-Appellants
Halo Creative & Design Limited, Halo
Trademarks Limited, Halo Americas Limited*

Dated:  April 27, 2015



FORM 9.   Certificate of Interest

---

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Halo Creative & Design Limited et al. v. Comptoir Des Indes Inc. et al.

No. 2015-1375

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)

Appellants _____ certifies the following (use "None" if applicable; use extra sheets if necessary):

1.      The full name of every party or amicus represented by me is:

Halo Creative & Design Limited
Halo Trademarks Limited
Halo Americas Limited

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Not applicable

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Not applicable

4.   ☑   The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Richard D. Harris, Barry R. Horwitz, Greenberg Traurig, LLP

Date    3/16/15

/s/Richard D. Harris
Signature of counsel
Richard D. Harris
Printed name of counsel

Please Note: All questions must be answered
cc: Mark Bagley, Counsel for Appellees

## **CERTIFICATE OF SERVICE**

This certifies that on March 16, 2015, I served a copy of the foregoing pleading via email to the party listed below:

Mr. Mark R. Bagley
The Law Offices of Tolpin & Partners, PC
100 North LaSalle Street, Suite 510
Chicago, Illinois 60602
mark@tolpinlaw.com

Counsel for Defendants-Appellees


/s/Richard D. Harris

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST .................................................................................i

TABLE OF AUTHORITIES ....................................................................................v

STATEMENT OF RELATED CASES ....................................................................1

STATEMENT OF JURISDICTION........................................................................1

ISSUES PRESENTED.............................................................................................1

STATEMENT OF THE CASE.................................................................................2

    A.    The Parties. .........................................................................................2

        1.    Appellants. ...............................................................................2
        2.    Appellees..................................................................................3

    B.    The Allegations of the Complaint. .....................................................3
    C.    Appellees' Motion to Dismiss on *Forum Non Conveniens* Grounds. ............................................................................................3
    D.    The District Court's Analysis of the Issues..........................................4

SUMMARY OF THE ARGUMENT ........................................................................4

ARGUMENT ..........................................................................................................5

I.    STANDARD OF REVIEW ...........................................................................5

II.    THE DISTRICT COURT ABUSED ITS DISCRETION BY FINDING THAT THE FEDERAL COURT OF CANADA IS AN ADEQUATE FORUM. ..............................................................................6

    A.    Design Patents ....................................................................................8
    B.    Copyrights .........................................................................................11
    C.    Trademarks........................................................................................15

III.    THE DISTRICT COURT ABUSED ITS DISCRETION BY FAILING TO HOLD APPELLEES TO THEIR REQUISITE BURDENS OF PROOF.................................................................................17

IV.     THE DISTRICT COURT ABUSED ITS DISCRETION BY
        FAILING TO CONSIDER THE TERRITORIALITY OF HALO'S
        DESIGN PATENT AND TRADEMARK RIGHTS......................................19

V.      THE DISTRICT COURT ABUSED ITS DISCRETION BY
        FAILING TO REQUIRE THAT HALO'S CHOSEN FORUM BE
        OPPRESSIVE AND VEXATIOUS TO APPELLEES—OUT OF
        ALL PROPORTION TO HALO'S CONVENIENCE.................................21

VI.     THE DISTRICT COURT ABUSED ITS DISCRETION BY
        FINDING THAT THE PRIVATE INTEREST FACTORS WEIGH
        IN FAVOR OF APPELLEES........................................................23

        A.      Factor One: Ease of Access to Sources of Proof ................24
        B.      Factor Three: Cost of Obtaining Attendance of Willing
                Witnesses............................................................................26
        C.      Factor Two: Cost of Obtaining Attendance of Unwilling
                Witnesses............................................................................27

VII.    THE DISTRICT COURT ABUSED ITS DISCRETION BY
        FINDING THAT THE PUBLIC AND PRIVATE INTEREST
        FACTORS "TOGETHER" WEIGH IN APPELLEES' FAVOR,
        DESPITE ITS FINDING THAT THE PUBLIC INTEREST
        FACTORS DID NOT WEIGH IN FAVOR OF APPELLEES....................28

CONCLUSION .......................................................................................31

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cheng v. Boeing Co.*,
    708 F.2d 1406 (9th Cir. 1983) ...........................................................7

*Clerides v. Boeing Co.*,
    534 F.3d 623 (7th Cir. 2008) ...........................................................21

*Creative Technology, Ltd. v. Aztech System Pte. Ltd.*,
    61 F.3d 696 (9th Cir. 1995) ........................................................13, 14

*Esfeld v. Costa Crociere, S.P.A.*,
    289 F.3d 1300 (11th Cir. 2002) ........................................................29

*Goldberg v. Cordis Corp.*,
    No. 76-cv-2952, 1976 WL 21023 (N.D. Ill. Dec. 10, 1976) *aff'd*,
    567 F.2d 392 (7th Cir. 1977) ...........................................................9

*Greenlight Capital, Inc. v. GreenLight (Switzerland) S.A.*,
    No. 04 CIV. 3136 (HB), 2005 WL 13682 (S.D.N.Y. Jan. 3, 2005) ............16, 19

*Homestake Min. Co. of Cali. v. Potash Corp. of Saskatchewan*,
    No. 91 C 5818, 1992 WL 122809 (N.D. Ill. May 27, 1992) .................17, 24, 25

*In re EMC Corp.*,
    677 F.3d 1351 (Fed. Cir. 2012) ...........................................................6

*In re Ford Motor Co., Bridgestone/ Firestone N. Am. Tire, LLC*,
    344 F.3d 648 (7th Cir. 2003) ........................................................6, 17

*Iragorri v. United Techs. Corp.*
    274 F.3d 65 (2d Cir. 2001) ..........................................................6, 20

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP*,
    316 F.3d 731 (7th Cir.2003) ..............................................................27

*Jose Armando Bermudez & Co. v. Bermudez Int'l*,
    No. 99 CIV. 9346 (AGS), 2000 WL 1225792 (S.D.N.Y. Aug. 29,
    2000) ........................................................................15, 16, 29

*Kamel v. Hill-Rom Co.*,
    108 F.3d 799 (7th Cir. 1997) ...........................................................6

*Lockman Found. v. Evangelical Alliance Mission*,
    930 F.2d 764 (9th Cir. 1991) ........................................................7, 12

# TABLE OF AUTHORITIES (cont'd)

**Page**

*Manu International, S.A. v. Avon Products, Inc.*,
  641 F.2d 62 (2d Cir.1981) ...................................................25

*Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*,
  24 F.3d 1368 (Fed. Cir. 1994) ......................................5, 6, 9

*MicroAire Surgical Instruments, LLC v. Arthrex, Inc.*,
  No. 3:09-CV-00078, 2010 WL 2757351 (W.D. Va. July 13, 2010) ..................25

*Microsoft Corp. v AT&T*,
  550 U.S. 437 (2007)........................................................19

*Midwest Indus., Inc. v. Karavan Trailers, Inc.*,
  175 F.3d 1356 (1999)........................................................6

*Mintel Learning Tech., Inc. v. Beijing Kaidi Educ. & Tech. Dev. Co.*,
  No. 06-C-7541 PJH, 2007 WL 2403395 (N.D. Cal. Aug. 20, 2007) ...........14, 23

*Motown Record Co., L.P. v. iMesh.Com, Inc.*,
  No. 03 CIV. 7339 (PKC), 2004 WL 503720 (S.D.N.Y. Mar. 12,
  2004) .....................................................................11

*Nalco Co. v. Chen*,
  No. 12 C 9931, 2013 WL 4501425 (N.D. Ill. Aug. 22, 2013) ...........................25

*Packard Instr. Co. v. Beckman Instr., Inc.*,
  346 F. Supp. 408 (N.D. Ill. 1972).....................................................10

*Photothera, Inc. v. Oron*,
  No. 07-CV-490-MMA(AJB), 2009 WL 734282 (S.D. Cal. Mar.
  19, 2009) .............................................................9, 10

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 236 (1981)..................................................6, 7, 21

*Ravelo Monegro v. Rosa*,
  211 F.3d 509 (9th Cir. 2000) ....................................6, 19, 27

*Rotec Indus. v. Aecon Grp., Inc.*,
  436 F. Supp. 2d 931 (N.D. Ill. 2006).........................................25, 27

*Rowell v. Franconia Minerals Corp.*,
  582 F. Supp. 2d 1031 (N.D. Ill. 2008)........................................27

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Co.*,
  549 U.S. 422 (2007)..................................................22, 23

## TABLE OF AUTHORITIES (cont'd)

**Page**

*Stein Assoc., Inc. v. Heat and Control, Inc.,*
   748 F.2d 653 (Fed.Cir.1984) ...............................................................10

*Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund,*
   589 F.3d 417 (7th Cir. 2009) ..............................................................12

*Wasendorf v. DBH Brokerhaus AG,*
   No. 04 C 1904, 2004 WL 2872763 (N.D. Ill. Dec. 13, 2004)............................17

**Statutes**

815 ILCS 505 ........................................................................................3

815 ILCS 510 ........................................................................................3

15 U.S.C. § 1121 ...................................................................................1

17 U.S.C. § 106 .....................................................................................1

28 U.S.C. § 1292(c)(2)..........................................................................1

28 U.S.C. § 1295(a)(1)..........................................................................1

28 U.S.C. § 1331 ...................................................................................1

28 U.S.C. § 1338 ...................................................................................1

28 U.S.C. § 1367 ...................................................................................1

28 U.S.C. § 1400 ...................................................................................1

28 U.S.C. § 1782.................................................................................28

35 U.S.C. § 271 .....................................................................................1

**Other Authorities**

Blumer, Fritz, *Jurisdiction and Recognition in Transatlantic Patent Litigation*, 9 Tex. Intell. Prop. L.J. 329 (Spring 2001).........................................9

R.S.C., 1985, c. I-9, s. 9 available at http://laws-lois.justice.gc.ca/eng/acts/I-9/index.html ................................................................8

R.S.C., 1985, c. C-42, s. 64(2)(a), available at http://laws-lois.justice.gc.ca/eng/acts/C-42/page-58.html#h-68) ........................................13

## STATEMENT OF RELATED CASES

There have been no other appeals from the civil action in the District Court.

## STATEMENT OF JURISDICTION

The District Court has jurisdiction over this case pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 106, and 28 U.S.C. §§ 1331, 1338, 1367 and 1400.

This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1295(a)(1) and 1292(c)(2), because Appellant's Complaint asserted that Appellees have committed patent infringement under 35 U.S.C. § 271.

The District Court issued a final judgment on January 29, 2015 disposing of all of Appellants' claims, and Appellants Halo Creative & Design Limited, Halo Trademarks Limited and Halo Americas Limited (collectively "Halo") timely filed a Notice of Appeal on February 20, 2015.

## ISSUES PRESENTED

1.     Did the District Court abuse its discretion in finding that the Federal Court of Canada is an adequate forum to hear Appellants' case asserting infringement of two (2) U.S. Design Patents, thirteen (13) U.S. copyrights, and one (1) U.S. common law trademark, together with other claims under Illinois law?

2.     Did the District Court abuse its discretion by failing to hold Appellees to their burden of proving that the Federal Court of Canada is an adequate forum,

that the private interest factors weigh in favor of Appellees, and that the public interest factors weigh in favor of Appellees?

3.     Did the District Court abuse its discretion by failing to consider or address Appellants' territorial U.S. Design Patent rights and territorial U.S. common law trademark rights in its analysis?

4.     Did the District Court abuse its discretion in failing to find that Appellants' chosen forum would be oppressive and vexatious to Appellees out of all proportion to Appellants' convenience, as required by U.S. Supreme Court precedents?

5.     Did the District Court abuse its discretion in finding that the private interest factors weigh in favor of Appellees?

6.     Did the District Court abuse its discretion in finding that the public interest factors did <u>not</u> weigh in favor of Appellees, while proceeding to hold that "Considering all of the private and public factors, together they weigh in favor [of] Defendants."?

## STATEMENT OF THE CASE

### A.     The Parties.

#### 1.     Appellants.

Appellants are each Hong Kong private companies limited by shares, which are based in Hong Kong. A15.

### 2. Appellees.

Appellee Comptoir Des Indes, Inc. is a Quebec corporation, which uses the alternative corporate names CDI International and CDI Furniture. A230. David Ouaknine is the CEO of Comptoir Des Indes, Inc. A241. Each of these entities (collectively, "Appellees") is based or resides in Montreal, Quebec, Canada. A230.

### B. The Allegations of the Complaint.

Halo filed a complaint in the Northern District of Illinois on October 20, 2014, asserting that Appellees infringed two (2) of Halo's U.S. Design Patents, thirteen (13) of Halo's U.S. copyrights, and one (1) of Halo's U.S. common law trademarks. A19-49. The two U.S. Design Patents include U.S. Design Patent No. D655,526, titled "Armchair," and U.S. Design Patent No. D655,100, titled "Seating Furniture." A19-20; A55-69, ADD8-20. Halo owns U.S. copyright applications for each of the asserted copyrights, and Halo's U.S. common law ODEON trademark is unregistered. A16-18. The Complaint further alleges that Appellees' infringement constitutes consumer fraud and/or deceptive business practices under Illinois statutes, namely, 815 ILCS 505, and 815 ILCS 510. A49-50.

### C. Appellees' Motion to Dismiss on *Forum Non Conveniens* Grounds.

On December 10, 2014, Appellees filed a motion to dismiss the Complaint, arguing that "the Federal Court of Canada is a far superior forum in which to resolve this dispute." A229. Appellees' motion addressed the key threshold issue

of whether the Federal Court of Canada is an "adequate" forum in only a single paragraph. A232. Appellees expressly conceded that certain private and public interest factors are neutral. A234-37.

### D.     The District Court's Analysis of the Issues.

On January 29, 2015, Judge Leinenweber granted Appellees' motion to dismiss in a six-page Memorandum Opinion and Order ("Opinion"). A7-12, ADD1-6. In the Opinion, the District Court did <u>not</u> expressly find or hold that the Federal Court of Canada is an adequate forum for resolving this dispute; rather, the District Court merely suggested that "the United States has recognized the potential of applying the copyright laws of other nations *and perhaps Canada could do likewise*." A9-10, ADD3-4 (emphasis added). The Opinion does not address the territorial nature of Halo's rights. Indeed, the words "patent," "patents" and "design patent" do not appear anywhere in the Opinion.

## SUMMARY OF THE ARGUMENT

Appellees presented nearly no evidence in support of their claim that Canada is an adequate forum. Appellees also presented no *actual evidence* in support of their alleged transportation and translation costs. The District Court abused its discretion by failing to hold Appellees to their burdens of proof, by finding Canada to be an adequate forum for adjudicating U.S. design patent, U.S. copyright and U.S. trademark rights—despite the fact that design patent and trademark rights are

4

purely territorial in nature—and by failing to require that Halo's chosen forum be oppressive and vexatious to Appellees out of all proportion to Halo's convenience. The District Court also abused its discretion by finding that the private interest factors weigh in Appellees' favor—in part, by disregarding Halo's significant travel costs in their entirety, in order to reach the conclusion that Appellees' travel costs could be eliminated entirely by sending this case to Montreal, Appellees' home forum.  Finally, the District Court abused its discretion by finding that the public interest factors weighed in Halo's favor, while proceeding to hold that the private and public factors "together" weigh in favor of Appellees.

## ARGUMENT

### I.     STANDARD OF REVIEW

When the issues raised are not unique to the Federal Circuit's exclusive appellate jurisdiction, this Court typically defers to the "law of the regional circuit in which the  district court sits."  *Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 1371 (Fed. Cir. 1994)  However, that deference is not appropriate when an issue raises substantive questions that fall exclusively within this Court's jurisdiction.  *Id*.  Halo asserts infringement of two U.S. design patents, together with thirteen U.S. copyrights and one U.S. common law trademark—and whether the District Court abused its discretion by declining to exercise jurisdiction over that case, in favor of the Federal Court of Canada's adjudication of Halo's U.S.

design patent rights, "pertains to patent law," and "bears an essential relationship to matters committed to [this Court's] exclusive control by statute." *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (1999). Thus, this Court is not bound by Seventh Circuit law in deciding this case, but may look for guidance to Seventh Circuit decisions, and to those of other courts. *Mars*, 24 F.3d at 1371.

A decision granting or denying a motion to dismiss on *forum non conveniens* grounds is reviewed for abuse of discretion. *See Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997); *Ravelo Monegro v. Rosa*, 211 F.3d 509, 511 (9th Cir. 2000). An abuse of discretion occurs where a district court relies "on an erroneous view of the law" or evidence, or where it strikes "an unreasonable balance of relevant factors." *Id.*; *see In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012).

## II.    THE DISTRICT COURT ABUSED ITS DISCRETION BY FINDING THAT THE FEDERAL COURT OF CANADA IS AN ADEQUATE FORUM.

Appellees had the burden of proving that the Federal Court of Canada is an adequate forum. *See In re Ford Motor Co., Bridgestone/ Firestone N. Am. Tire, LLC*, 344 F.3d 648, 652 (7th Cir. 2003) (citing *Iragorri v. United Techs. Corp.* 274 F.3d 65, 71 (2d Cir. 2001)). A forum is not "adequate" if "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft Co. v. Reyno*, 454 U.S. 236, 254 (1981). For example,

6

"[d]ismissal is not appropriate 'where the alternative forum does not permit litigation of the subject matter of the dispute.'" *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991) (quoting *Reyno*, 454 U.S. at 254). The remedy "must be clear before the case will be dismissed." *Id.* (quoting *Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983); *Reyno,* 454 U.S. at 254 n. 22 ("dismissal would not be appropriate" where "it is unclear whether [an] Ecuadorean tribunal will hear the case"). Yet Appellees provided no evidence that a *Canadian* court would even hear a U.S. intellectual property case, much less provide a remedy for the infringement of Halo's *U.S.* intellectual property rights, within the U.S.

Rather, Appellees' entire argument that their preferred forum is "adequate" consisted of (a) noting that "[t]he Federal Court of Canada has conferred jurisdiction over, and thus expertise to understand, patent, copyright, and trademark infringement disputes"; and (b) stating that the Federal Court of Canada is therefore adequate "because it can provide Plaintiffs with an avenue of redress for the subject matter of the present Complaint." A232. The ***only*** evidence Appellees submitted in support of that claim is "a printout of a web page from the site of the Federal Court of Canada." A232; A244. That printout merely establishes that the Federal Court of Canada can adjudicate "intellectual property rights, including copyright, industrial design, integrated circuits, patents and patented medicines, and

trademarks." A249. This statement is clearly referring to *Canadian* intellectual property rights. Indeed, there are no "industrial design" rights in the United States.

## A.    Design Patents

Appellees failed to establish that the Federal Court of *Canada* is an adequate forum for adjudicating Halo's *U.S.* design patent rights, and the District Court abused its discretion by failing to expressly find that the Federal Court of Canada is an adequate forum for enforcing U.S. design patent rights. Appellees have merely established that the Federal Court of Canada can hear cases involving "patents" and "trademarks," but that court's list of intellectual property rights notably excludes "design patents," **which Canada does not recognize**, because their analogues are governed by Canada's Industrial Design Act. The exclusive right for industrial designs in Canada is acquired by registration through that Act. (R.S.C., 1985, c. I-9, s. 9 available at http://laws-lois.justice.gc.ca/ eng/acts/I-9/index.html.) Appellees concede that Halo owns "no parallel design patents for these same designs in Canada," and argued, without support, that the Canadian court "would need to apply U.S. design patent law." A237. But Appellees offered *no evidence* that a Canadian court would be able, much less willing, to do so.[1] The

_____

[1] Instead, Appellees stated "there is no particular reason to think that the Federal Court of Canada, which hears Canadian intellectual property law cases would have difficulty understanding or applying U.S. principles of design patent infringement to the present facts." A237. Mere speculation is incapable of (footnote continued)

District Court's Opinion failed to address whether the Canadian court can even hear U.S. design patent claims. As noted above, the words "patent," "patents," and "design patent" do not appear anywhere in the Opinion. A7-12, ADD1-6.

However, when considering *forum non conveniens* motions, other courts and commentators have concluded that **foreign courts are inadequate to adjudicate U.S. patent rights**. *See Photothera, Inc. v. Oron*, No. 07-CV-490-MMA(AJB), 2009 WL 734282, at *4 (S.D. Cal. Mar. 19, 2009) (holding "Israel does not provide an adequate alternative forum because Plaintiff's claims could not be resolved fully there and *an **Israeli** decision regarding **U.S.** patent rights would be unenforceable in this country*") (emphases added).[2] That conclusion flows naturally from "general concerns respecting international comity" and respect for national integrity, which counsel against U.S. courts exercising jurisdiction over matters involving claims of foreign patent infringement. *Mars*, 24 F.3d at 1376;

---

meeting Appellees' burden of proving that the Federal Court of Canada is an adequate forum for adjudicating Halo's U.S. design patent rights.

[2] *See also id.* at *8 (where defendant also sought a stay under the international abstention doctrine, holding, in a suit seeking "a declaration of non-infringement of the two U.S. patents," that "[t]his cause of action arises out of the patent laws of the United States, and cannot be adjudicated by the Israeli Court. This is dispositive of the issue"); Blumer, Fritz, *Jurisdiction and Recognition in Transatlantic Patent Litigation*, 9 Tex. Intell. Prop. L.J. 329, 360 (Spring 2001) (actions for patent infringement are governed by U.S. law, and "ownership of a U.S. patent and the commitment of a tortious act on U.S. territory by the respective parties are other strong links between the dispute and the forum which should exclude the application of *forum non conveniens*").

*Goldberg v. Cordis Corp.*, No. 76-cv-2952, 1976 WL 21023, at *2 (N.D. Ill. Dec. 10, 1976) *aff'd*, 567 F.2d 392 (7th Cir. 1977) (declining to hear infringement claims of foreign patents because determinations as to "the validity of patents granted by foreign governments would invite conflicts with the administrative and judicial officers of those governments");[3] *Stein Assoc., Inc. v. Heat and Control, Inc.*, 748 F.2d 653, 658 (Fed.Cir.1984) ("Only a British court, applying British law, can determine . . . infringement of British patents.").

Appellees suggested that the Canadian court should "apply U.S. design patent law," but if Appellees claim (as they likely will), and the Canadian court holds, that the asserted design patents are invalid, that court would necessarily be overstepping its bounds—and that determination of invalidity would not be enforceable in the United States. *See Photothera*, 2009 WL 734282, at *4. Further, Appellees have provided no evidence whatsoever that the Federal Court of Canada has **ever** adjudicated a U.S. patent right, or that the court would not feel constrained by the same concerns of international comity raised by the U.S. courts cited above. Accordingly, Appellees failed to meet their burden of proving that the Federal Court of Canada is an adequate forum for adjudicating Halo's U.S. design

---

[3] *See also Packard Instr. Co. v. Beckman Instr., Inc.*, 346 F. Supp. 408, 411 (N.D. Ill. 1972) (finding it "evident that this court is not as well qualified to understand and apply the economic and social policies on which the issues of foreign patent law raised by a defense of invalidity may turn as are the courts of the various countries in which the patents were issued").

patents.  Since the District Court's Opinion failed to address this issue entirely (and failed to address or distinguish any of the cases cited by Halo), on the present record, the Canadian court simply cannot be deemed capable of providing an adequate remedy for Halo's U.S. design patent claims.

### B.     Copyrights

Appellees likewise failed to establish that the Federal Court of Canada is an adequate forum for adjudicating Halo's U.S. copyrights.  The District Court abused its discretion by suggesting (without expressly finding) that court to be adequate. Again, the ***only*** evidence submitted by Appellees on this point is that the Canadian court has the jurisdiction to hear "and thus expertise to understand" copyright disputes, and thus (the argument goes) that court "can provide Plaintiffs with an avenue of redress for the subject matter of the present Complaint."  A232.  With this evidence, Appellees have merely established that the Federal Court of Canada can hear cases involving "copyrights"—but that fact alone does not establish that the Federal Court of Canada can provide a remedy for Appellees' infringement of Halo's *U.S.* copyrights covering *furniture products*.

Appellees did not provide any authority, or even cite to a <u>single</u> case, showing that the Federal Court of Canada will entertain claims of U.S. copyright

infringement,[4] or *any* claims of copyright infringement relative to furniture products.  Indeed, as Halo noted in its Opposition brief, furniture is a "useful article" under both United States and Canadian copyright laws, and the Canadian Copyright Act (unlike U.S. law) appears to exempt such articles from infringement when they are "reproduced in a quantity of more than fifty."  A261 (citing R.S.C., 1985, c. C-42, s. 64(2)(a), available at http://laws-lois.justice.gc.ca/eng/acts/C-42/page-58.html#h-68)).  There is no evidence in the record supporting Appellees' claim that the Federal Court of Canada can provide a remedy for furniture copyright infringement. The Opinion also failed to find that the Canadian court can hear such copyright infringement claims—and merely fell back on the *possibility* that such claims would lie, stating "the United States has recognized the ***potential*** for applying the copyright laws of other nations and ***perhaps*** Canada ***could*** do likewise."  A9-10, ADD3-4 (emphases added).  The District Court's reliance on Appellees' suppositions and speculation fall dismally short of the requirements for dismissal of Halo's complaint.

---

[4] *See Motown Record Co., L.P. v. iMesh.Com, Inc.*, No. 03 CIV. 7339 (PKC), 2004 WL 503720, at *6 (S.D.N.Y. Mar. 12, 2004) (noting it remains an open question "whether the subject matter of the dispute may be heard in the alternate forum's court" and holding "*Whether Israeli courts have enforced or can enforce U.S. copyrights simply is not addressed* and I conclude that *defendants have failed in their burden on this point*") (emphases added).

This issue is particularly crucial because Appellees' argument that the Federal Court of Canada is an adequate forum hinges on its claim that the foreign forum's legal remedies need not "be as comprehensive or as favorable as the claims a plaintiff might bring in an American court," and that "the test is whether the forum provides **some** potential avenue for redress for the subject matter of the dispute." A232 (quoting *Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009)) (emphasis added). With this background, Appellees argue that "a Canadian court would be an adequate forum because *by considering Plaintiffs' copyright claims,* it *could* provide an avenue for redress for virtually the entire subject matter of the present dispute."[5] A276 (emphases added). The District Court seized on and repeated these arguments—failing entirely to consider the adequacy of the Canadian court for Halo's *design patent* and *trademark* claims—and limiting its analysis to Halo's copyright claims. A9-10 , ADD3-4. As such, Appellees' failure to establish that the Federal Court of Canada can entertain Halo's claims of **U.S.** copyright infringement for protected **furniture designs** is fatal to their assertion that the Canadian court could provide an avenue for redress. *See Lockman Found.,* 930 F.2d at 768 ("[d]ismissal is not

---

[5] *See also* A277 ("An analysis of Plaintiffs' Complaint shows that resolution of its copyright infringement claims, which a Canadian court could accomplish, would cover most, and perhaps all, of the subject matter of the current dispute"); A236-37 (claiming that Halo's copyright and trademark claims "cover the vast majority of accused items in this case").

appropriate 'where the alternative forum does not permit litigation of the subject matter of the dispute'").

The only *forum non conveniens* case cited by Appellees involving intellectual property is *Creative Technology, Ltd. v. Aztech System Pte. Ltd.*, 61 F.3d 696 (9th Cir. 1995), a case involving only copyrights, which was dismissed in favor of litigation in Singapore.  A237-38; A277-78.  That case is wholly distinguishable here because, there, plaintiff and defendant were **both Singapore corporations**, who each claimed to be the original developer of disputed technology **developed and manufactured in Singapore**.  *Id*. at 699, 704.  Further, the procedural posture in that case was radically different because the parties were already involved in co-pending litigation in Singapore seeking to resolve identical issues.  *Id*. at 699.

Notably, neither Appellees nor the District Court addressed any of the cases cited by Halo holding, in the context of *forum non conveniens*, that foreign courts are <u>inadequate</u> forums for considering U.S. copyright claims.  For example, the defendants in *Mintel Learning Tech., Inc. v. Beijing Kaidi Educ. & Tech. Dev. Co.* likewise argued "that China is an adequate alternative forum because it has civil procedures as well as contract, copyright, trademark, and patent laws to properly adjudicate the claims."  No. 06-C-7541 PJH, 2007 WL 2403395, *8 (N.D. Cal. Aug. 20, 2007).  But the court held that those defendants failed to meet their burden of proving that China was an adequate forum because they did not prove

that Chinese law would provide plaintiff "a sufficient remedy for his wrong." *Id*.; *see id*. at * 11 ("the crux of the issue here is Mintel's allegation that the defendants violated U.S. copyright law.  This matter would necessarily be out of the purview of a Chinese court").[6]

Since Appellees provided *no* evidence that the Federal Court of Canada has ever adjudicated a U.S. copyright, or any copyrights involving furniture, Appellees failed to meet their burden of proving that the Federal Court of Canada can provide any remedy for the copyright infringement asserted in this case.  Further, since the District Court's Opinion did not find that the Canadian court can hear copyright infringement claims involving furniture, and merely speculated that "*perhaps* Canada *could*" apply U.S. copyright law, A9-10, ADD3-4, on the present record, the Canadian court simply cannot be deemed capable of providing any remedy for Halo's U.S. copyright infringement claims involving furniture.

### C.    Trademarks

Appellees have completely failed to establish that the Federal Court of Canada is an adequate forum for adjudicating Halo's U.S. common law trademark

---

[6] *See also Jose Armando Bermudez & Co. v. Bermudez Int'l*, No. 99 CIV. 9346 (AGS), 2000 WL 1225792, *4 (S.D.N.Y. Aug. 29, 2000) (holding "Dominican courts are unlikely to be able to grant an adequate remedy to plaintiff, because plaintiff's claims are primarily governed by U.S. trademark and copyright law and are based on infringing acts in the United States. . . .The courts of this district have declined to dismiss cases pursuant to *forum non conveniens* where plaintiff asserts U.S. trademark and copyright infringement claims").

rights, and the District Court abused its discretion by failing to address this issue entirely.  Again, the ***only*** evidence submitted by Appellees in support of their claim that the Federal Court of Canada is an adequate forum was their argument that the Canadian court purportedly has the jurisdiction to hear "and thus expertise to understand" trademark disputes (failing to recognize that that "expertise" is actually directed to *Canadian* trademark cases).    A232.    But U.S. courts have uniformly held that foreign courts are **not** adequate forums for adjudicating U.S. trademark rights.  *See Greenlight Capital, Inc. v. GreenLight (Switzerland) S.A.*, No. 04 CIV. 3136 (HB), 2005 WL 13682, at *5 (S.D.N.Y. Jan. 3, 2005) (stating: "Nor is it evident, as GreenLight (Switzerland) asserts, that Swiss courts have the expertise to interpret and apply U.S. trademark law.  As ***the record does not reflect that Swiss courts permit the consideration of <u>U.S.</u> trademark claims,*** Switzerland cannot be considered an adequate alternative forum") (emphases added).[7]

---

[7] *See also id.* (noting the governing law and "the substantive rights at issue—U.S. and Swiss trademarks—differ," and holding "there is no evidence that Greenlight Capital will be able to fully litigate its U.S. trademark rights in Switzerland" and noting "courts of this district have declined to dismiss cases pursuant to forum non conveniens where plaintiff asserts U.S. trademark or copyright claims") (citations omitted) (emphasis added); *Jose Armando Bermudez.* 2000 WL 1225792, at *4 (holding that the Dominican Republic is not an adequate forum in that Dominican courts are unlikely to grant an adequate remedy "because plaintiff's claims are primarily governed by U.S. trademark and copyright law and are based on infringing acts in the United States")

## III.   THE DISTRICT COURT ABUSED ITS DISCRETION BY FAILING TO HOLD APPELLEES TO THEIR REQUISITE BURDENS OF PROOF.

The District Court failed to hold Appellees to their burdens of proof, thereby abusing its discretion.   A defendant seeking dismissal of a complaint on the grounds of *forum non conveniens* carries "the burden of persuading the district court."   *In re Ford Motor Co.*, 344 F.3d at 652; *Wasendorf v. DBH Brokerhaus AG*, No. 04 C 1904, 2004 WL 2872763, at *5 (N.D. Ill. Dec. 13, 2004) (Leinenweber, J.) (noting "Defendants bear the burden of persuasion on all elements of analysis for a *forum non conveniens* claim").

According to the District Court's analysis, "[t]he public interest factors likewise ***do not compel <u>denial</u> of*** the Motion to Dismiss."   A11, ADD5 (emphases added).   This statement establishes that the District Court improperly allocated the burden of proof on these issues to Halo, not Appellees.   Since the defendant bears the burden of proof on all *forum non conveniens* issues, the public and private interest factors generally ***<u>do compel denial</u>*** of a Motion to Dismiss, <u>unless the defendant provides sufficient evidence</u> to overcome the presumption that the plaintiff's chosen venue is convenient.   *See Homestake Min. Co. of Cali. v. Potash Corp. of Saskatchewan*, No. 91 C 5818, 1992 WL 122809, at *6 (N.D. Ill. May 27, 1992) (noting "an equal balance of factors will always favor the plaintiff's forum choice").   By phrasing its finding in this way—that the factors do not <u>compel</u>

denial of the motion—it is clear that the District Court abused its discretion by failing to hold Appellees to their burden of proving that the private and public interest factors weigh in their favor—to compel ***granting*** the motion.

Moreover, as noted above, the District Court did not expressly find that the Federal Court of Canada is an adequate forum. Rather, the District Court Opinion found that "Plaintiffs are entitled to all of the protections offered by Canadian law to Canadian citizens"—and then notably failed to find that Canadian citizens are actually entitled to sue for damages or injunctive relief for infringement of copyrighted furniture designs. A9, ADD3. Further, the Opinion merely expressed the *possibility* that the Canadian court would apply U.S. copyright law to Halo's claims, stating "the United States has recognized the ***potential*** for applying the copyright laws of other nations and ***perhaps*** Canada ***could*** do likewise." A9-10, ADD3-4.[8] With the District Court's Opinion expressing all of this uncertainty regarding how this case "could perhaps" proceed if re-filed in Canada, it is clear that the District Court failed to hold Appellees to their burden of <u>actually proving</u>

---

[8] This sense of uncertainty is pervasive in the Opinion. With respect to the public interest factor of the alternative forum's familiarity with the governing law, the District Court found: "Familiarity with the law would not pose any problem ***if Canada applies its own laws*** to the case and the ***possibility*** that it would apply United States law . . .would ***possibly*** make this point slightly in favor of Plaintiffs, but not by much." A11-12, ADD5-6 (emphases added). Further, instead of finding, per Appellees' Declaration, that certain documents are in French, the Court noted "the documents ***probably*** are in the French language." A10, ADD4 -6 (emphasis added).

that Canada is an adequate forum and that the interest factors weigh in Appellees' favor.

## IV. THE DISTRICT COURT ABUSED ITS DISCRETION BY FAILING TO CONSIDER THE TERRITORIALITY OF HALO'S DESIGN PATENT AND TRADEMARK RIGHTS.

The District Court failed to consider the territoriality of Halo's design patent and trademark rights, thereby also abusing its discretion.  Appellees argued that Halo's "choice of forum is entitled to little weight" because Halo is based in Hong Kong.  A231.  It is generally true "a foreign plaintiff's [forum] choice deserves less deference than the forum choice of a domestic plaintiff, [b]ut less deference is not the same thing as no deference."  *Ravelo Monegro*, 211 F.3d at 514.

Halo's design patent and trademark rights are territorial.[9]  By discounting Halo's design patent and trademark rights *entirely*, and by limiting its analysis to Halo's copyright claims under the Berne Convention, A9-10, ADD3-4, the District Court made it appear as though Halo (a foreign plaintiff) merely asserts claims that are "international" in nature, and is not entitled to any deference in its forum

---

[9] *See, e.g., Microsoft Corp. v AT&T*, 550 U.S. 437, 455- 456 (2007) ("The traditional understanding that our patent law operates only domestically and does not extend to foreign activities is embedded in the Patent Act itself . . . . If AT&T desires to prevent copying in foreign countries, its remedy for this activity, if any, lies in foreign courts with foreign patents, not in a strained argument for worldwide effect of US patent laws"); *Greenlight Capital*, 2005 WL 13682, at *5 (stating that trademark rights are territorial because they "exist in each country solely according to that country's statutory scheme") (citations omitted).

choice. But Halo's purposeful marketing of its distinctive furniture products within the United States—and its resulting <u>substantial</u> investment of expense and effort to file and prosecute the asserted U.S. design patents and U.S. copyright applications—provide a wholly reasonable basis for deferring to Halo's forum choice. Indeed, the ownership of these territorial intellectual property rights—and particularly Halo's design patents, duly issued by the United States Patent & Trademark Office—creates a "*bona fide* connection to the United States," showing that Halo's forum choice was "dictated by reasons that the law recognizes as valid." *Iragorri v. United Techs. Corp.* 274 F.3d 65, 71 (2d Cir. 2001).

Moreover, the District Court's holding contradicts a bedrock U.S. public policy principle. When foreign companies direct their products into the United States, many of those companies expend substantial sums and efforts to protect those products by filing for and obtaining U.S. patents, and U.S. copyright and trademark registrations. Those companies should be entitled to adjudicate the infringement of those rights here in the United States, where those intellectual property rights not only emanate, but also have been violated. Holding otherwise suggests that those foreign companies' products simply cannot be protected from infringement within the U.S.—and that those foreign companies' investment of significant filing and prosecution fees to the U.S. Patent & Trademark Office and the U.S. Copyright Office were <u>utterly wasted</u>. The District Court's holding

20

provides a major disincentive for foreign companies to sell their products in the United States, or protect those products from infringing substitutes. Given their substantial investment in obtaining territorial intellectual property rights within the United States, foreign companies should be able to assert those rights in this country—regardless of whether the infringer is foreign or domestic.

In sum, the District Court abused its discretion by failing to consider the territorial nature of Halo's design patent and trademark rights—and of Halo's U.S. copyright applications, which have no legal effect within Canada. In so doing, the District Court failed to accord any deference whatsoever to Halo's forum choice, which was based on the fact that only U.S. courts are <u>guaranteed</u> to enforce Halo's U.S. design patents, U.S. copyright registrations, and U.S. common law trademark.

## V. THE DISTRICT COURT ABUSED ITS DISCRETION BY FAILING TO REQUIRE THAT HALO'S CHOSEN FORUM BE OPPRESSIVE AND VEXATIOUS TO APPELLEES—<u>OUT OF ALL PROPORTION</u> TO HALO'S CONVENIENCE.

The Supreme Court has made clear that a court may exercise its discretion to dismiss a case for *forum non conveniens* where trial in the chosen forum would be oppressive and vexatious to a defendant "out of all proportion to plaintiff's convenience." *Reyno*, 454 U.S. at 241; *see Clerides v. Boeing Co*., 534 F.3d 623, 628 (7th Cir. 2008) ("Federal Courts have the discretion to dismiss a case on the ground of *forum non conveniens* when an adequate available forum exists and 'trial in the chosen forum would establish oppressiveness and vexation to a defendant

21

*out of all proportion to plaintiff's convenience* . . . .'") (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Co.*, 549 U.S. 422, 429 (2007) (emphasis added)). The District Court's statement on this point notably eliminated this proportionality requirement altogether.  A8, ADD2 (stating: "the 'vexation and oppression' of the defendant must outweigh the convenience to the plaintiff").[10]

For the private interest factors, Appellees' entire argument rested on the claim that the costs of transporting their documents and witnesses from Montreal to Chicago (and potential costs of translating documents from French to English) are "unnecessary expenses" that weigh in favor of dismissal.  A233-35.  Appellees conceded that Halo's documents and witnesses are located in Hong Kong.  A234-35.  Halo chose to sue Appellees in Chicago, Illinois, knowing that it would incur significant expenses in transporting its own documents and witnesses halfway around the world from its own headquarters.[11]  Travel and transportation expenses between Hong Kong and Chicago are disproportionately higher than Appellees'

---

[10] Halo's "convenience" is presumably measured by the ease with which it can transport its witnesses and documents from ***Hong Kong*** to Chicago, so it is difficult to see how Appellees' similar costs (for transportation from ***Montreal*** to Chicago) are vexatious and oppressive, so as to "outweigh" Halo's convenience. Even under this artificially-lowered standard, Appellees failed to meet their burden, and the District Court abused its discretion in finding otherwise.

[11] As alleged in the Complaint, A19, Halo operates its own stores in Dallas, San Francisco, New York and Los Angeles, with Chicago serving as a convenient centralized location for Halo's U.S.-based witnesses and documents.

similar expenses between <u>Montreal</u> and Chicago.  As such, Appellees failed to establish their own oppressiveness and vexation "out of all proportion to [Halo's] convenience."  *Sinochem*, 549 U.S. at 429; *Mintel Learning Tech.*, 2007 WL 2403395, *10 (noting the oppressiveness and vexation requirement and stating: "Given the negligible amount of evidence presented, the defendants have not established that [travel costs] could reach a degree so disproportionate" as to be unfair to defendants).  The District Court abused its discretion by failing to hold Appellees to the burden of proving that a Chicago forum would be oppressive and vexatious to Appellees, out of all proportion to Halo's convenience.

## VI.    THE DISTRICT COURT ABUSED ITS DISCRETION BY FINDING THAT THE PRIVATE INTEREST FACTORS WEIGH IN FAVOR OF APPELLEES.

As noted above, Appellees conceded in their motion that private interest factors two and four (compelling the attendance of unwilling witnesses and viewing the premises) are neutral.  A234-35.  As such, the only two private interest factors that remain "in play" are factor one (ease of access to sources of proof) and factor three (cost of obtaining attendance of willing witnesses).  Again, for these two factors, Appellees' entire argument is that the costs of transporting their documents and witnesses from Montreal to Chicago (and potential costs of translating documents from French to English) are "unnecessary expenses" that weigh in favor of dismissal.  A233-35.  Notwithstanding the proportionality issue

raised above (which is a separate and independent basis for an abuse of discretion), the District Court abused its discretion by holding that the private interest factors weigh in favor of Appellees.

## A.     Factor One: Ease of Access to Sources of Proof

The District Court found that Appellees' records of "design, promotion and sale of [their] alleged infringing goods" are located in Canada.  A10, ADD4.  But more than **20 years ago**, the same district court recognized that "today's global economy" changed how courts evaluate *forum non conveniens* factors, stating that the increased speed and ease of travel and communications means that no forum is as inconvenient now as it once was.  *Homestake Min. Co.*, 1992 WL 122809, at *6.[12]  Since that time, it has become commonplace not to physically "transport" documents, but to scan and share them electronically.  Indeed, the District Court itself—in an opinion filed eighteen months earlier—dismissed similar concerns:

> The Nalco entities claim that because NMEPT is a Chinese joint venture, "documents related to its governance and performance are located in China and largely written in Chinese."  Yet, *the entities failed to provide any indication of how many relevant documents were in China*, or what percent of relevant documents were in China as

---

[12]  Rather, modern methods of transportation and communications "have greatly reduced the burdens of litigating disputes between parties from distant geographical locations," and "a forum is not necessarily inconvenient [because of distance if] it is readily accessible in a few hours of air travel . . . . Jet travel and satellite communications have significantly altered the meaning of 'non conveniens.'"  *Id.* (quoting *Manu International, S.A. v. Avon Products, Inc.,* 641 F.2d 62, 65 (2d Cir.1981)).

> opposed to Illinois. ***Given the ease of access to hard drives and electronic data storage***, the Court has no reason to believe the Nalco entities would be overly burdened by producing such files in Illinois.

*Nalco Co. v. Chen*, No. 12 C 9931, 2013 WL 4501425, at \*8 (N.D. Ill. Aug. 22, 2013) (Leinenweber, J.).  Thus, the District Court abused its discretion by failing to consider electronic document production and by overweighing the importance of alleged documentary transportation costs.

The District Court also found that "the documents probably are in the French language," requiring translation for American courts but not for the Canadian court.  A10, ADD4.  But the same district court has also recognized that "it is not prohibitively difficult to translate French into English."  *Rotec Indus. v. Aecon Grp., Inc.,* 436 F. Supp. 2d 931, 935 (N.D. Ill. 2006).  Further, Appellees provided no explanation as to the scope or volume of the documents, so they failed to meet their burden.  *See MicroAire Surgical Instruments, LLC v. Arthrex, Inc.*, No. 3:09-CV-00078, 2010 WL 2757351, at \*6 (W.D. Va. July 13, 2010) ("Arthrex bears the burden of establishing that the public and private interest factors weigh in favor of a *forum non conveniens* dismissal, [so] its bare assertion that documents will require translation, without support as to [how] burdensome this translation will be, does not persuade the Court that this factor" favors dismissal).  Thus, the District Court abused its discretion by failing to hold Appellees to their burden of proof for

this factor, and by allowing Appellees' "bare assertion" that certain documents *may* require translation to factor heavily into this analysis.

### B.    Factor Three: Cost of Obtaining Attendance of Willing Witnesses

The District Court found that "[t]his factor greatly weighs in Defendants' favor," by relying on a faulty comparison:

> The cost of obtaining attendance of the willing witnesses to Plaintiffs would be similar because they would need to transport their witnesses from Hong Kong to either Chicago or Montreal.  The costs to Defendants would, of course, be considerably higher if they had to transport their witnesses from Montreal to Chicago.

A11, ADD5.  Here, the District Court improperly considered Halo's travel costs to be "neutral"—in that Halo will incur a similarly large amount of such costs, regardless of whether the case proceeds in Chicago or in Montreal.  By contrast, the District Court found, obviously, that Appellees' costs would "of course be considerably higher" if they had to transport witnesses anywhere other than their home forum of Montreal.  A11, ADD5.

This one-sided comparison unfairly discounts the inevitable and substantial travel costs of an Asia-based plaintiff traveling to North America, against the significantly lower (and yet alleged to be entirely avoidable) costs of a defendant being forced to travel from Montreal to Chicago.  Further, it fails to recognize that *forum non conveniens* is "an exceptional tool to be employed sparingly," and not "a doctrine that compels plaintiffs to choose the optimal forum for their claim."

*Ravelo Monegro*, 211 F.3d at 514.  By dismissing the case, the District Court has essentially forced Halo to "choose" the forum that is optimal *for Appellees—i.e.,* the forum in which Appellees will not bear *any* costs for transporting witnesses. But "the Seventh Circuit has recognized [that] travel is commonplace in modern commercial litigation, and travel between Canada and Illinois is not particularly difficult or expensive."  *Rowell v. Franconia Minerals Corp.*, 582 F. Supp. 2d 1031, 1036-37 (N.D. Ill. 2008) (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP,* 316 F.3d 731, 732 (7th Cir.2003) ("Travel between Ontario and Illinois requires only a short and inexpensive journey") and *Rotec Indus.,* 436 F. Supp. 2d at 935 ("Even if the majority of witnesses did reside in Canada, travel between Canada and Chicago is not onerously difficult").  Indeed, by dismissing this case in favor of the Federal Court of Canada, the District Court has "only shift[ed] the burden of translation and transportation to" Halo.  *Rotec Indus.,* 436 F. Supp. 2d at 935.  Accordingly, the District Court abused its discretion by disregarding Halo's travel costs and by comparing <u>only</u> Appellees' travel costs in the two competing forums, and then compounded that abuse of discretion by allowing this faulty comparison to weigh heavily in the analysis.

### C.     Factor Two: Cost of Obtaining Attendance of Unwilling Witnesses

Appellees argued that there were no "specific third-party witnesses within the United States" such that a court in this country could compel attendance at trial

27

while a Canadian court could not.  A234.  In response, Halo pointed to nine of Appellees' distributors based in the U.S., which were listed in the Complaint. A268; A18.  Here, the District Court found only that compelling attendance of these witnesses "could be slightly more difficult out of a Canadian court . . . but not impossible because they could be compelled through the issuance of letters rogatory" under 28 U.S.C § 1782.  A10-11, ADD4-5.  Despite recognizing that transfer to Canada would increase Halo's difficulty, the District Court failed to recognize that this factor *actually weighs* in Halo's favor, and failed to account for that factor's weight in its analysis.  In so doing, the District Court abused its discretion.

## VII.  THE DISTRICT COURT ABUSED ITS DISCRETION BY FINDING THAT THE PUBLIC AND PRIVATE INTEREST FACTORS "TOGETHER" WEIGH IN APPELLEES' FAVOR, DESPITE ITS FINDING THAT THE PUBLIC INTEREST FACTORS DID <u>NOT</u> WEIGH IN FAVOR OF APPELLEES.

Appellees conceded in their motion that public interest factors one and four (relative congestion of the courts and avoiding conflicts of laws) are neutral. A236-37.  Appellees' motion thus argued that Canadian courts have a strong interest in this case and "Illinois has no such interest."  A236.  Certainly, Illinois

has an interest in keeping unauthorized copies out of its borders—and those of other U.S. districts.[13]

The District Court did not actually address whether Illinois has an interest—noting instead that much of the case "involved copyright and not trademark enforcement" (with no mention of the two asserted U.S. design patents)—and instead found that Canada "has an interest in seeing that claims against its citizens are fairly resolved." A11, ADD5. In the end, the District Court said that "[t]his factor is, at best, neutral." A11, ADD5. The District Court also found that the issue of jury duty burden "does not appear to the Court to be significant," which means that factor is also neutral. A12, ADD6. Finally, the District Court found that the Canadian court's familiarity with the governing law "would not pose any problem *if* Canada applies its own laws to the case and the ***possibility*** that it would apply United States law about which it would be less familiar would ***possibly*** make this point slightly in favor of Plaintiffs but not by much." A11-12, ADD5-6 (emphases added). The marked uncertainty presented by the conditional words

---

[13] Some courts have held that "federal courts, in the *forum non conveniens* context, do not focus on the connection between the case and a particular state, but rather on the connection of the case to the United States as a whole." *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1303 (11th Cir. 2002). Under such an analysis, the United States has a ***significant*** interest in litigating this dispute—because the asserted claims are "'localized controversies' that should be litigated in a forum where the alleged infringement is occurring, i.e. a domestic forum." *Jose Armando Bermudez.* 2000 WL 1225792, at *5.

"if," "possibility" and "possibly" in that one sentence alone illustrates how the District Court abused its discretion: by dismissing this case without requiring Appellees to establish whether Canada would (or should) apply its own laws, or apply U.S. laws, to Halo's claims of U.S. design patent, copyright and trademark infringement.

The District Court did not find that the public interest factors weigh in favor of Appellees. Rather, the District Court failed to address factors one (relative court congestion) and four (avoiding conflicts of laws) entirely, and expressly found that (a) factor five (burden of jury duty) was neutral, and (b) factor two (local interest) was "at best, neutral." A11-12, ADD5-6. Further, the District Court obliquely suggested that factor two (familiarity with governing law) would be neutral ("would not pose any problem") *if* Canada applies its own laws, but that if Canada applies U.S. law, this factor weighed "slightly in favor of Plaintiffs." A11-12, ADD5-6.

Still, even though the District Court did *not* find that the public interest factors weighed in Appellees' favor, it proceeded to find that "[c]onsidering the private and public factors, *together* they weigh in favor of Defendants." A12, ADD6 (emphasis added). As set forth above, the District Court abused its discretion in finding that the private interest factors weighed in favor of Appellees. For the same reasons, since the public interest factors clearly did *not* weigh in

favor of Appellees, the District Court abused its discretion in finding that the public and private interest factors *together* weighed in Appellees' favor.

## CONCLUSION

For all of the foregoing reasons, Halo respectfully requests that the Court of Appeals for the Federal Circuit overturn the January 29, 2015 Memorandum Opinion and Order dismissing Halo's Complaint based on the doctrine of *forum non conveniens*, and remand this case to the United States District Court for the Northern District of Illinois, to allow Halo's case to proceed.

Respectfully submitted,

Dated: April 27, 2015

/s/Richard D. Harris

Richard D. Harris
Barry R. Horwitz
Greenberg Traurig LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 465-8400
Facsimile: (312) 456-8435

*Attorneys for Appellants Halo Creative &*
*Design Limited, Halo Trademarks Limited,*
*Halo Americas Limited*

# ADDENDUM

# TABLE OF CONTENTS TO ADDENDUM

Memorandum Opinion and Order, Doc. 35,
 entered on dated 1/29/2015 ..............................................................ADD-6

Judgment, Doc. 36, entered on 1/29/2015 .......................................ADD-7

Patent No. US D655,526 S ..............................................................ADD-8

Patent No. US D655,100 S ...........................................................ADD-13

**IN THE UNITED STATES DISTRCT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**HALO CREATIVE & DESIGN
LIMITED, HALO TRADEMARKS,
LIMITED, and HALO AMERICAS
LIMITED,**

**Case No. 14 C 8196**

              **Plaintiffs,**

**Harry D. Leinenweber**

      **v.**

**COMPTOIR DES INDES INC., CDI
INTERNATIONAL, CDI FURNITURE,
and DAVID OUAKNINE,**

              **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**I.   BACKGROUND**

This is an intellectual property action between Hong Kong Plaintiffs and Canadian Defendants. While none of the parties have any employees or a physical presence in Illinois, the Plaintiffs chose this venue. They contend that they designed their product (high-end furniture) for consumption in the United States under the protection of its intellectual property laws so they seek to enforce the rights here. The Defendants, competitors, sell similar furniture in the United States through independent United States distributors. The Defendants have moved to dismiss based on *forum non conveniens,* contending that the Plaintiffs should refile this suit in the federal courts in Canada.

## II.  DISCUSSION

The law relating to *forum non conveniens* is not particularly complicated.  *See, Kamel v. Hill-Rom Co., Inc.,* 108 F.3d 799 (7th Cir. 1997).  A court may dismiss a suit for *forum non conveniens* over which it has jurisdiction if it best serves the convenience of the parties and the ends of justice.  *Gulf Oil v. Gilbert,* 67 S.Ct. 839, 842-43 (1947).  While a plaintiff's choice of forum is entitled to some deference, where its choice is not its home forum, its deference has less force.  *Sinochem International Co. Ltd. v. Malasyia Intern. National Shipping Corp.,* 127 S.Ct. 1184, 1191 (2007).  However, there must be an adequate alternative forum available and the "vexation and oppression" of the defendant must outweigh the convenience to the plaintiff.  *Piper Aircraft Co. v. Reyno,* 102 S.Ct. 252, 258 (1981).

To be an available forum, the parties must be amenable to process and subject to jurisdiction in the foreign court.  Here, the Defendants, being Canadians, are obviously subject to the jurisdiction of the Canadian courts, and the Plaintiffs, Hong Kong citizens, would be subject to the jurisdiction of the Canadian courts if they filed suit in Canada.  Moreover, the individual Defendant, David Ouaknine, would be subject to the jurisdiction of the Canadian courts and a refiling there by Plaintiffs would moot his objection to the jurisdiction of this Court.

- 2 -

ADD-2

The next issue is whether the available forum is an adequate forum.  Here Plaintiffs take issue with the adequacy because they are seeking to enforce United States Intellectual property laws which they contend a Canadian court cannot do.  Defendants answer that Canadian courts, as signatories of the Berne Convention for the Protection of Literary and Artistic Works, can offer Plaintiffs adequate protection of their intellectual property rights.  Under this convention a signatory nation must extend all of the protection it affords its own citizens to foreign nationals.  Since Canada, Hong Kong, and the United States are signatories, Plaintiffs are entitled to all of the protections offered by Canadian law to Canadian citizens.  Even if the Canadian law does not offer exactly the same protections as United States law, the test is whether the local law fails to offer a potential avenue for redress, *i.e.,* whether the foreign laws are so inadequate so as to amount to no remedy at all.  If so, then the forum is inadequate and not available.  *Stroitelsivo Bulgaria Ltd. v. Bulgarian-American Enterprise Fund,* 589 F.3d 417, 421 (7th Cir. 2009).

In addition, although neither party discusses Canadian conflict of laws to determine whether a Canadian Court could, in fact, enforce United States intellectual property laws, as pointed out in *Creative Technology, Ltd. v. Aztech Systems Pte., Ltd.,* 61 F.3d 696, 702 (9th Cir. 1995), the United States has recognized the potential of applying the copyright laws of other nations and

- 3 -

perhaps Canada could do likewise.  Finally, the Canadian Courts could, if Plaintiffs are successful in establishing violations of the copyright laws, enjoin Defendants from exporting their furniture to the United States which would effectively prevent any continuing violation in the United States of its intellectual property laws.

The next step in the analysis is the balancing of the private and public interest factors.  The factors must weigh in favor of the Defendants to warrant dismissal under *forum non conveniens.* The private factors include ease of access to sources of proof, availability of compulsory process, cost of obtaining attendance of willing witnesses, and the enforceability of any judgment. *Clerides v. Boeing Co.,* 534 F.3d 623, 628 (7th Cir. 2008).  Access to proof would seem to tilt toward the Defendants.  Plaintiffs would need to have access to evidence of design, promotion and sale of Defendants' alleged infringing goods all of which are located in Canada.  In addition, the documents probably are in the French language and the need to translate such documents would not be necessary in a Canadian Court which in Quebec is bilingual, but would be necessary in an American court.

Compelling attendance of unwilling witnesses could be slightly more difficult out of a Canadian court if the witnesses were located in the United States, but not impossible because they could be compelled through the issuance of letters rogatory to the

- 4 -

district court in which the witnesses resides.  *See,* 28 U.S.C. § 1782.  The cost of obtaining attendance of the willing witnesses to Plaintiffs would be similar because they would need to transport their witnesses from Hong Kong to either Chicago or Montreal.  The cost to Defendants would, of course, be considerably higher if they had to transport their witnesses from Montreal to Chicago.  This factor greatly weighs in Defendants' favor.

The public interest factors likewise do not compel denial of the Motion to Dismiss.  These factors include relative congestion of the courts, familiarity with governing law, existence of a local interest, avoidance of conflict of law problems, and any unfairness of burdening citizens of an unrelated forum with jury duty.  *Clerides,* 534 F.3d at 628.  The Plaintiffs argue that the "local interest" factor weighs in their favor.  However, the vast majority of Plaintiffs' case involves copyright and not trademark enforcement.  Copyrights exist to protect the property rights of the copyright owner and not necessarily to protect the consumer.  After all, a person who buys an infringing sofa does not believe it is the sofa of the infringed party so there is not a "passing off" problem.  Canada, on the other hand, has an interest in seeing that claims against its citizens are fairly resolved.  This factor is, at best, neutral.

Familiarity with the law would not pose any problem if Canada applies its own laws to the case and the possibility that it would

- 5 -

apply United States law about which it would be less familiar would possibly make this point slightly in favor of Plaintiffs but not by much.  The issue of the burden of jury duty does not appear to the Court to be significant.

Considering all of the private and public factors, together they weigh in favor Defendants.  Since Canada is an adequate forum, the Motion for Dismissal for *forum non conveniens* is granted.

### III.  CONCLUSION

For the reasons stated herein, the Defendants' Motions to Dismiss on *forum non conveniens* are granted.  The Defendant David Ouaknine has also moved to dismiss based on a lack of jurisdiction. Since the case is dismissed, his Motion is denied as moot.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated:1/29/2015

- 6 -

ADD-6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Halo Creative & Design Limited, et al,

Plaintiff(s),

v.

Comptoir Des Indes Inc., et al,

Defendant(s).

Case No.  14 C 8196
Judge Harry D. Leinenweber

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $          ,

which ☐ includes          pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

☐ in favor of defendant(s)
and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

☒ other: Judgment is hereby entered in favor of the Defendants' and against the Plaintiffs'.

This action was *(check one)*:

☐ tried by a jury with Judge          presiding, and the jury has rendered a verdict.
☐ tried by Judge          without a jury and the above decision was reached.
☒ decided by Judge Harry D. Leinenweber on a motion     by defendants' to dismiss on forum non conveniens.

Date:  1/29/2015

Thomas G. Bruton, Clerk of Court

Wanda Parker , Deputy Clerk

ADD-7

US00D655526S

(12) **United States Design Patent**

Yeung Ka Fei

(10) Patent No.: **US D655,526 S**

(45) **Date of Patent:**  ** **Mar. 13, 2012**

(54) **ARMCHAIR**

(75) Inventor: **Michael Yeung Ka Fei**, Hong Kong (CN)

(73) Assignee: **Halo Asia Limited**, Central (HK)

(**) Term: **14 Years**

(21) Appl. No.: **29/366,649**

(22) Filed: **Jul. 28, 2010**

(30) **Foreign Application Priority Data**

Feb. 24, 2010 (HK) ...................................... 1000323

(51) **LOC (9) Cl.** ................................................. **06-01**
(52) **U.S. Cl.** ................................................. **D6/371**
(58) **Field of Classification Search** .......... D6/334–336,
D6/371, 372, 373, 374, 375, 381, 492, 500–502;
297/411.42, 411.45, 411.46, 445.1, 446.1,
297/448.1, 448.2, 452.48
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D206,713 | S | * | 1/1967 | Durko | D6/334 |
| D258,627 | S | * | 3/1981 | Halme | D6/371 |
| D274,871 | S | * | 7/1984 | Mathias | D6/372 |
| D284,812 | S | * | 7/1986 | Culler | D6/371 |
| D284,814 | S | * | 7/1986 | Culler | D6/375 |
| D434,233 | S | * | 11/2000 | Frankel et al. | D6/334 |
| D506,079 | S | * | 6/2005 | Ricci | D6/334 |
| D596,414 | S | * | 7/2009 | Natuzzi | D6/334 |

* cited by examiner

*Primary Examiner* — Mimosa De

(74) *Attorney, Agent, or Firm* — Nixon Peabody LLP; Jeffrey L. Costellia

(57) **CLAIM**

I claim the ornamental design for an armchair, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of an armchair.
FIG. **2** is a right side view shown in FIG. **1**.
FIG. **3** is a left side view shown in FIG. **1**.
FIG. **4** is a front view shown in FIG. **1**.
FIG. **5** is a top view shown in FIG. **1**.
FIG. **6** is a rear view shown in FIG. **1**; and,
FIG. **7** is a bottom view shown in FIG. **1**.
The short even dashed lines shown along the seam lines on the backrest and seat are understood to represent stitching.
The broken lines showing of the four circular members, beneath the armrest panels in FIGS. **2-7**, are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 4 Drawing Sheets**




**U.S. Patent**          **Mar. 13, 2012**     **Sheet 1 of 4**          **US D655,526 S**



FIG. 1

**U.S. Patent**     Mar. 13, 2012     Sheet 2 of 4     US D655,526 S



# FIG. 2



# FIG. 3

**U.S. Patent**        Mar. 13, 2012        Sheet 3 of 4        US D655,526 S



FIG. 4



FIG. 5

**U.S. Patent**      Mar. 13, 2012      Sheet 4 of 4      US D655,526 S



FIG. 6



FIG. 7

ADD-12

Case: 1:14-cv-08196 Document #: 1-2

US00D655100S

(12) **United States Design Patent**

Yeung Ka Fei

(10) Patent No.:      **US D655,100 S**

(45) Date of Patent:   **     Mar. 6, 2012**

(54) **SEATING FURNITURE**

(75) Inventor:   **Michael Yeung Ka Fei**, Central (HK)

(73) Assignee:   **Halo Trademarks Limited**, Central (HK)

(**) Term:   **14 Years**

(21) Appl. No.:   **29/387,772**

(22) Filed:   **Mar. 17, 2011**

(51) **LOC (9) Cl.** ....................................   **06-01**

(52) **U.S. Cl.** ........................................   **D6/371**

(58) **Field of Classification Search** ........... D6/334–336, D6/371, 372, 373, 374, 375, 381, 500–502; 5/12.1, 12.2; 297/63, 94, 232, 233, 283.1, 297/283.2, 445.1, 446.1, 448.1, 448.2

See application file for complete search history.

(56)      **References Cited**

U.S. PATENT DOCUMENTS

D101,273  S  *  9/1936  Ferguson ...................... D6/370

(Continued)

*Primary Examiner* — Mimosa De

(74) *Attorney, Agent, or Firm* — Nixon Peabody LLP; Jeffrey L. Costellia

(57)      **CLAIM**

The ornamental design for seating furniture, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of seating furniture of the invention;

FIG. **2** is a front view of seating furniture of the invention;

FIG. **3** is a back view of seating furniture of the invention;

FIG. **4** is a left view of seating furniture of the invention;

FIG. **5** is a right view of seating furniture of the invention;

FIG. **6** is a top plan view of seating furniture of the invention;

FIG. **7** is a bottom plan view of seating furniture of the invention;

FIG. **8** is another front perspective view of seating furniture of the invention;

FIG. **9** is a right perspective view of seating furniture of the invention; and,

FIG. **10** is a back perspective view of seating furniture of the invention.

**1 Claim, 6 Drawing Sheets**



**US D655,100 S**

Page 2

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 3,747,134 | A | * | 7/1973 | Montague ........................ 5/12.1 |
| D234,731 | S | * | 4/1975 | McDonald ..................... D6/371 |
| D239,424 | S | * | 4/1976 | Offredi ......................... D6/381 |
| D241,095 | S | * | 8/1976 | Friedman ...................... D6/373 |
| D250,233 | S | * | 11/1978 | Opper ........................... D6/371 |
| D267,056 | S | * | 11/1982 | Lopez-Benitez .............. D6/373 |
| D283,275 | S | * | 4/1986 | Culler ........................... D6/371 |
| D373,256 | S | * | 9/1996 | Lewis ........................... D6/381 |
| D617,112 | S | * | 6/2010 | Tsai ............................... D6/381 |

* cited by examiner

ADD-14

Case: 1:14-cv-08196 Document #: 1-2 Filed: 10/20/14 Page 4 of 9 PageID #:51

**U.S. Patent**        Mar. 6, 2012        Sheet 1 of 6        US D655,100 S

# FIG. 1



Case: 1:14-cv-08196 Document #: 1-2 Filed: 10/20/14 Page 5 of 9 PageID #:52

**U.S. Patent**         Mar. 6, 2012         Sheet 2 of 6         US D655,100 S

## FIG. 2



## FIG. 3



## FIG. 4



## FIG. 5



Case: 1:14-cv-08196 Document #: 1-2 Filed: 10/20/14 Page 6 of 9 PageID #:53

## FIG. 6



## FIG. 7



Case: 1:14-cv-08196 Document #: 1-2 Filed: 10/20/14 Page 7 of 9 PageID #:54

**U.S. Patent**        Mar. 6, 2012        Sheet 4 of 6        US D655,100 S

FIG. 8



Case: 1:14-cv-08196 Document #: 1-2 Filed: 10/20/14 Page 8 of 9 PageID #:55

**U.S. Patent**          Mar. 6, 2012          Sheet 5 of 6          US D655,100 S

# FIG. 9



**U.S. Patent**     Mar. 6, 2012     Sheet 6 of 6     US D655,100 S

# FIG. 10



## CERTIFICATE OF SERVICE

I, Rose E. Olejniczak, being duly sworn according to law and being over the age of 18, upon my oath deposes and states that:

Counsel Press was retained by Greenberg Traurig LLP, Attorneys for Plaintiffs-Appellants, Halo Creative & Design Limited, Halo Trademarks Limited, Halo Americas Limited, to print this document. I am an employee of Counsel Press.

On April 27, 2015, Greenberg Traurig LLP authorized me to electronically file the foregoing Brief of Plaintiffs-Appellants, Halo Creative & Design Limited, Halo Trademarks Limited, Halo Americas Limited with the Clerk of the Federal Circuit using the CM/ECF System, which will serve e-mail notification of such filing to the following counsel who are registered as CM/ECF users.

Mark Ray Bagley
Tolpin & Partners, PC
100 North LaSalle Street, Suite 510
Chicago, IL 60602

Upon acceptance by the Court of the e-filed document, six paper copies of the Brief of Plaintiffs-Appellant Halo Creative & Design Limited, Halo Trademarks Limited, Halo Americas Limited will be filed with the Court, via Federal Express, within the time provided in the Court's rules.

/s/  Rose E. Olejniczak
Rose E. Olejniczak

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B).  This brief contains 7,472 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and Fed. Cir. R. 32(b).

The brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface using Microsoft Word 2007 in 14-point Times New Roman type.

/s/ Richard D. Harris