No. 2015-1375

_____

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

HALO CREATIVE & DESIGN LIMITED, HALO TRADEMARKS LIMITED,
and HALO AMERICAS LIMITED,
Plaintiffs-Appellants,

v.

COMPTOIR DES INDES, INC. and DAVID OUAKNINE,
Defendants-Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, CASE NO. 1:14-cv-08196,
JUDGE HARRY D. LEINENWEBER

BRIEF OF DEFENDANTS-APPELLEES
COMPTOIR DES INDES, INC. and DAVID OUAKNINE

MARK R. BAGLEY
TOLPIN & PARTNERS, PC
100 North LaSalle Street, Suite 510
Chicago, Illinois 60602
(312) 698-8971

Attorney for Defendants-Appellees

September 10, 2015

**Form 9**

FORM 9.  Certificate of Interest

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Halo Creative & Design, Ltd. et al.  v.  Comptoir Des Indes Inc. et al.

No. 15-1375

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)

Appellee _____ certifies the following (use "None" if applicable; use extra sheets if necessary):

1.     The full name of every party or amicus represented by me is:

Comptoir Des Indes Inc. and David Ouaknine

2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

(None)

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

(None)

4.  ☐   The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Tolpin & Partners, PC:  Mark Bagley

| March 25, 2015 | /s/ Mark Bagley |
|---|---|
| Date | Signature of counsel |
| | Mark Bagley |
| | Printed name of counsel |

Please Note: All questions must be answered

cc: _____

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ................................................................i

TABLE OF AUTHORITIES ................................................................v

STATEMENT OF RELATED CASES ..................................................1

STATEMENT OF THE CASE..............................................................1

STATEMENT OF THE FACTS ............................................................1

SUMMARY OF THE ARGUMENT ....................................................2

ARGUMENT ......................................................................................3

I.      STANDARD OF REVIEW ..........................................................3

      A.    This Court Should Apply Seventh Circuit
           Law to the Present Appeal. ................................................3

      B.    The District Court's *Forum Non Conveniens* Decision
           Is Entitled to Substantial Deference Under the Abuse
           of Discretion Standard..........................................................4

II.     THE DISTRICT COURT CORRECTLY FOUND THAT THE
      FEDERAL COURT OF CANADA IS AN ADEQUATE FORUM...............5

III.    THE DISTRICT COURT PROPERLY ALLOCATED THE
      BURDEN OF PROOF..................................................................12

IV.    THE DISTRICT COURT PROPERLY RECOGNIZED THE
      TERRITORIALITY OF HALO'S ALLEGED PATENT AND
      TRADEMARK RIGHTS. ............................................................14

V.     THE DISTRICT COURT PROPERLY CONSIDERED THE
       RELEVANT BALANCE BETWEEN HALO'S CONVENIENCE
       AND THE BURDENS TO CDI. ...................................................................17

VI.    THE DISTRICT COURT COMMITTED NO ABUSE OF
       DISCRETION IN ITS EVALUATION OF THE PRIVATE
       INTEREST FACTORS. ...............................................................................19

       A.     Ease of Access to Sources of Proof.......................................................19

       B.     Cost of Obtaining Attendance of Willing Witnesses ..........................21

       C.     Compelling Attendance of Unwilling Witnesses................................22

VII.   THE DISTRICT COURT COMMITTED NO ABUSE OF DISCRETION
       IN ITS EVALUATION OF THE PUBLIC INTEREST FACTORS............23

VIII.  THE DISTRICT COURT COMMITTED NO ABUSE OF DISCRETION
       WHEN IT BALANCED THE PRIVATE AND PUBLIC INTEREST
       FACTORS. ...................................................................................................25

CONCLUSION ....................................................................................................26

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abad v. Bayer Corp.*,
563 F.3d 663 (7th Cir. 2009) ...........................................................4

*Creative Technology, Ltd. v. Aztech System Pte. Ltd.*,
61 F.3d 696 (9th Cir. 1995) ....................................................8, 24

*Crocs Canada Inc. v. Holey Soles Holdings, Ltd.*,
2008 FC 188 (CanLII), available at
http://www.canlii.org/en/ca/fct/doc/2008/2008fc188/2008fc188.html ........11

*In re Microsoft Corp.*,
630 F.3d 1361 (Fed. Cir. 2011) .......................................................4

*Kamel v. Hill-Rom Company, Inc.*,
108 F.3d 799 (7th Cir. 1997) ...........................................................3

*Lockman Foundation v. Evangelical Alliance Mission*,
930 F.2d 764 (9th Cir. 1991) ....................................................6, 15

*MicroAire Surgical Instruments, LLC v. Arthrex, Inc.*,
No. 3:09-CV-00078, 2010 WL 2757351 (W.D. Va. July 13, 2010).............21

*Panduit Corp. v. All States Plastic Mfg. Co.*,
744 F.2d 1564 (Fed. Cir. 1984) ...................................................3

*Piper Aircraft Co. v. Reyno*,
454 U.S. 236 (1981).......................................................... 4-6, 17

*Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enterprise Fund*,
589 F.3d 417 (7th Cir. 2009) ........................................6, 22, 23, 24

*Systems Division, Inc. v. Teknek Electronics, Ltd.*,
253 Fed. Appx. 31 (Fed. Cir. 2007) ..............................................4

*Universal Furniture Intl. v. Collezione Europa USA, Inc.*,
618 F.3d 417 (4th Cir. 2010) ...........................................................................10

**Statutes**

28 U.S.C. § 1404(a) ......................................................................................4

**Other Authorities**

R.S.C. 1985, c. C-42, s. 64, available at
http://laws-lois.justice.gc.ca/eng/acts/C-42/page-64.html......................... 8-11

## STATEMENT OF RELATED CASES

There have been no other appeals from the civil action in the District Court. The undersigned counsel is unaware of any pending cases that would directly affect or be affected by the decision in the present appeal.

## STATEMENT OF THE CASE

Appellants Halo Creative & Design Limited, Halo Trademarks Limited, and Halo Americas Limited (collectively, "Halo") brought suit against Appellees Comptoir Des Indes, Inc. and David Ouaknine (collectively, "CDI"), alleging copyright infringement, design patent infringement, common law trademark infringement, and two related Illinois causes of action. In lieu of an answer, CDI moved to dismiss the action, in part on the basis of the doctrine of *forum non conveniens*. In an unpublished opinion, the District Court granted CDI's Motion to Dismiss on the basis of *forum non conveniens*.

## STATEMENT OF THE FACTS

CDI disagrees with several of the points Halo alleges in its Statement of Facts (which CDI believes Halo erroneously labeled as a "Statement of the Case"). Halo makes a misleadingly incomplete assertion when it states that CDI's motion "addressed the key threshold issue of whether the Federal Court of Canada is an 'adequate' forum in only a single paragraph." Halo Brief pp. 3-4. CDI actually

addressed this issue in significant depth in its reply brief to the District Court.  *See* A276 to A278.

Halo is also incorrect when it claims that "the District Court did <u>not</u> expressly find or hold that the Federal Court of Canada is an adequate forum for resolving this dispute."  Halo Brief p. 4 (emphasis in original).  In fact, the District Court explicitly stated:  "Since Canada is an adequate forum, the Motion for Dismissal for *forum non conveniens* is granted."  A012.

Finally, Halo is incorrect that the District Court's "Opinion does not address the territorial nature of Halo's rights."  Halo Brief p. 4.  Instead, the District Court openly recognized Halo's position that it designed its furniture "for consumption in the United States under the protection of [the United States'] intellectual property laws so they seek to enforce the rights here."  A007.

## SUMMARY OF THE ARGUMENT

The District Court committed no abuse of discretion when it dismissed Halo's complaint under the doctrine of *forum non conveniens*.  Under the relevant Seventh Circuit precedent, this Court would need to find such an abuse of discretion in order to reverse that dismissal.  More specifically, the District Court correctly found that a Canadian court could provide an adequate forum to address the subject matter of the dispute, which is the twenty-five CDI furniture designs at issue.  In addition, the District Court committed no abuse of discretion when it

found that two of the private interest factors favored dismissal from Chicago, while the remaining private interest factors and all of the public interest factors were essentially neutral.  Along the way, the District Court properly allocated the burden of proof, considered how convenient each proposed forum would be to each party, and recognized the territorial nature of some of Halo's specific causes of action. This Court should affirm the District Court's Order.

**ARGUMENT**

The present intellectual property dispute between Hong Kong plaintiffs and Canadian defendants has little if any factual connection to Chicago.  As far as CDI can tell, hearing the case there would be equally inconvenient for Halo as it is for CDI.  As a result, it is entirely understandable, not to mention legally correct, that the District Court dismissed the case so that it could be re-filed in Montreal.

## I.     STANDARD OF REVIEW

### A. This Court Should Apply Seventh Circuit Law to the Present Appeal.

Contrary to the claim in Halo's Brief, the present appeal of a dismissal on *forum non conveniens* grounds is the type of procedural matter to which this Court applies the law of the relevant regional circuit.  *See Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984).  Nothing about the *forum non conveniens* analysis is unique to patent law.  Courts apply it to all types of substantive disputes, from tort and contract actions (*see Kamel v. Hill-Rom*

3

*Company, Inc.*, 108 F.3d 799 (7th Cir. 1997)) to product liability actions (*see Piper Aircraft Co. v. Reyno*, 454 U.S. 236 (1981)).    Even where the underlying substantive dispute involves patents, this Court has applied regional circuit law to cases involving the highly analogous procedural issue of transfer under 28 U.S.C. § 1404(a) (*see In re Microsoft Corp.*, 630 F.3d 1361, 1363 (Fed. Cir. 2011) (applying Fifth Circuit law)) and to cases involving the *forum non conveniens* doctrine itself (*see Systems Division, Inc. v. Teknek Electronics, Ltd.*, 253 Fed. Appx. 31, 37 (Fed. Cir. 2007) (applying Ninth Circuit law)).    At the same time, none of the cases Halo cites on this point show the Federal Circuit applying its own law to a *forum non conveniens* issue.    As a result, this Court should apply Seventh Circuit law to the present analysis, accepting relevant Seventh Circuit precedent as binding and evaluating cases from other circuits for persuasive effect.

### B. The District Court's *Forum Non Conveniens* Decision Is Entitled to Substantial Deference Under the Abuse of Discretion Standard.

Although Halo's Brief correctly states that this Court should evaluate the District Court's decision under the abuse of discretion standard, that Brief fails to acknowledge how deferential this standard is.    The Seventh Circuit has stated, in the *forum non conveniens* context, "[a]s long as the judge doesn't commit a demonstrable factual error, or an error of law, his decision is unlikely to be reversed."    *Abad v. Bayer Corp.*, 563 F.3d 663, 665 (7th Cir. 2009).    When

evaluating whether a District Court has committed such an error, the Court of Appeals must remember to accord the decision "substantial deference" and not "substitute[] its own judgment for that of the District Court." *Piper Aircraft*, 454 U.S. at 257.

## II. THE DISTRICT COURT CORRECTLY FOUND THAT THE FEDERAL COURT OF CANADA IS AN ADEQUATE FORUM.

Halo's Brief fails to identify any specific factual or legal errors committed by District Court in its *forum non conveniens* adequacy analysis, and instead appears simply to ask this Court to substitute its own judgement for the District Court's conclusion on this point. At the same time, Halo's Brief repeatedly attacks what it characterizes as CDI's arguments, but Halo's characterizations are largely incorrect and miss the central thrust of what CDI argued to the District Court.[1] As the District Court correctly found, a Canadian court will be able to address all or virtually all of the subject matter of Halo's complaint, meaning that Canada is an adequate forum to hear the present dispute.

---

[1] For example, on page 7 and at various other places in Halo's Appeal Brief, Halo attempts to characterize CDI's "entire" or "only" position based on quotations from CDI's initial *forum non conveniens* motion to dismiss (A229 to A240). Halo's characterizations are misleading at best. To the extent that this Court needs to look back to the arguments the parties made to the District Court, CDI's reply brief (A274 to A284) is the one that most fully sets out its arguments that the District Court accepted.

In the *forum non conveniens* analysis, a foreign forum should be considered inadequate when "the remedy provided by [that] forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft*, 454 U.S. at 254. However, this adequacy test does not demand that the foreign court be able to address every single cause of action alleged by the plaintiff. "It is not necessary that the forum's legal remedies be as comprehensive or as favorable as the claims a plaintiff might bring in an American court. Instead, the test is whether the forum provides some potential avenue for redress for the *subject matter* of the dispute." *Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enterprise Fund*, 589 F.3d 417, 421 (7th Cir. 2009) (internal citations omitted) (emphasis added).

Consistent with this focus on the dispute's subject matter rather than individual claims, courts have held that the presence of a U.S. trademark claim under the Lanham Act, when among other causes of action, does not preclude a *forum non conveniens* transfer to a foreign jurisdiction: "Even if the RICO and Lanham Act claims were unavailable in Japan, that would not furnish a sufficient reason to preclude dismissal. The 'possibility of an unfavorable change in the law' is not to be given conclusive or substantial weight in a *forum non conveniens* inquiry." *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991) (quoting *Piper Aircraft*, 454 U.S. at 249-51) (affirming *forum non conveniens* dismissal).

As a result, Halo misses the mark with its protests that its "U.S." design patent and trademark claims cannot be heard by the Federal Court of Canada. Halo Brief pp. 8-9, 15-16. This is because an analysis of Halo's Complaint shows that resolution of its copyright infringement claims would cover most, and likely all, of the subject matter of the current dispute. The Complaint accuses twenty-five CDI furniture items of infringing one or more of Halo's alleged intellectual property rights, and twenty-three of those accused items are the subject of explicit copyright infringement allegations. The only two CDI furniture items discussed in the Complaint which are not the subject of explicit copyright infringement allegations are the Eaton 3 Seater couch (A025, Complaint ¶ 21) and the Eaton 1 Seater chair (A026, Complaint ¶ 22). It is not immediately clear why Halo omitted allegations that it owned copyrights in its own two pieces of furniture (the "Scruffy 3 Seater" and "Scruffy 1 Seater") which it claims have materially identical designs to those two CDI items. Perhaps this was simply an oversight, meaning that Halo can now add copyright infringement claims concerning the Eaton 3 Seater and Eaton 1 Seater when it re-files in a Canadian court. In any case, that Canadian court would be able to provide potential redress for all or nearly all of the *subject matter* of the present dispute, which is CDI's sales of twenty-five accused pieces of furniture.

There should be no doubt that the Federal Court of Canada could hear Halo's copyright infringement claims against CDI. Halo fundamentally misstates

the nature of its own copyrights when it frames them as merely "U.S. copyrights." Halo Brief p. 11. Instead, under the Berne Convention for the Protection of Literary and Artistic Works, copyright claimants who are citizens of or domiciled in any signatory country "are afforded the same protection in [signatory] foreign nations that those nations provide their own authors." *Creative Technology, Ltd. v. Aztech System Pte. Ltd*., 61 F.3d 696, 701 (9th Cir. 1995). Hong Kong, Canada, and the United States are all signatories to the Berne Convention. *See* A290 to A297. Therefore, as Hong Kong domiciliaries, the Halo companies can seek enforcement of any copyrights they claim to own in the Federal Court of Canada and under Canadian copyright law.

Halo is also incorrect when it implies that it has no remedy in Canada because Canadian courts are supposedly barred from enforcing any copyright claim related to furniture products. As an initial matter, Halo did not fully develop that argument before the District Court. Instead, it made only a passing reference, in a footnote, to a provision of the Canadian Copyright Act exempting from infringement reproduction of "useful articles" which had been "reproduced in a quantity of more than fifty" by the copyright owner.[2] *See* A261, n.4. This footnote

---

[2] Halo's District Court brief and Appeal Brief do cite to the Canadian statute in question, R.S.C. 1985, c. C-42, s. 64(2)(a). However, the internet URL listed in both of those briefs, http://laws-lois.justice.gc.ca/eng/acts/C-42/page-58.html#h-68, appears to contain a typographical error, as it points to a slightly different

simply stated that it was "unclear" whether Halo would have a copyright infringement remedy in Canada in light of this provision. *Id*. At no point in Halo's argument to the District Court or in its Appeal Brief does Halo offer proof, or even allege, that it has sold more than fifty copies of any of the furniture designs on which its action is based.

More importantly, even if Section 64 of the Canadian Copyright Act applies to Halo's furniture items and Halo sold more than fifty copies of each of them, that Section includes a number of exceptions, at least three of which could allow Halo to bring copyright infringement claims based on the twenty-five furniture designs at issue here. Section 64(3) of the Canadian Copyright Act[3] states in pertinent part that:

> Subsection (2) [on which Halo relies] does not apply in respect of the copyright or the moral rights in an artistic work in so far as the work is used as or for
> (a) a graphic or photographic representation that is applied to the face of the article;
> (b) a trade-mark or representation thereof or a label; [or]
> (c) material that has a woven or knitted pattern or that is suitable for piece goods or surface coverings or for making wearing apparel …

---

portion of the Canadian Copyright Act. Section 64 of that Act is actually available at http://laws-lois.justice.gc.ca/eng/acts/C-42/page-64.html.

[3] All of Section 64 of the Canadian Copyright Act appears on the same web page, specifically at http://laws-lois.justice.gc.ca/eng/acts/C-42/page-64.html. Because Halo cited that web page in its District Court brief, Subsection 64(3) is part of the present record as well.

R.S.C. 1985, c. C-42, s. 64(3)(a-c), available at http://laws-lois.justice.gc.ca/eng/acts/C-42/page-64.html.

The Canadian Copyright Act allows Halo to enforce copyrights in the twenty-five furniture designs claimed in the Complaint on the grounds that they are "graphic … representation[s] that [are] applied to the face of the article[s]."  R.S.C. 1985, c. C-42, s. 64(3)(a).  Although the Complaint vaguely describes Halo's copyrights at issue as "ornamental designs for furniture" (A020 at ¶ 16), those ornamental designs must be in or for something other than the overall shape of the furniture.  This is because under U.S. law (under which Halo's Complaint pleads), the "*shape* of the furniture cannot be the subject of a copyright."  *Universal Furniture Intl. v. Collezione Europa USA, Inc*., 618 F.3d 417, 433 (4th Cir. 2010) (citation omitted) (emphasis in *Universal Furniture*).  Instead, such copyright must be in the "conceptually separable" design elements applied to each piece of furniture.  *Id*. at 434.  Because those conceptually separable design elements cannot be part of the shape of the piece of furniture itself, this is simply another way of saying that the copyright is in a graphic representation that is applied to the face of the furniture.  As such, the copyrights Halo claims in the Complaint would satisfy the exception in Canadian Copyright Act Section 64(a)(3).

The Canadian Copyright Act also would allow Halo to enforce copyrights in the twenty-five furniture designs claimed in the Complaint on the grounds that they

constitute "a trade-mark or representation thereof." R.S.C. 1985, c. C-42, s. 64(3)(b). As interpreted by Canadian courts, the word "trade-mark" as used in this subsection includes a physical product's "distinguishing guise," or physical elements which perform a source-identifying function. *See Crocs Canada Inc. v. Holey Soles Holdings, Ltd*., 2008 FC 188 (CanLII) at ¶¶ 3, 23 (available at http://www.canlii.org/en/ca/fct/doc/2008/2008fc188/2008fc188.html). Therefore, Halo could claim that one or more distinctive elements of its furniture designs serve to identify the piece of furniture as originating with Halo. As a result, Halo could enforce its copyright in those same distinctive elements pursuant to Canadian Copyright Act section 64(3)(b).

Finally, the Canadian Copyright Act would allow Halo to enforce copyrights in at least some of the twenty-five furniture designs claimed in the Complaint on the grounds that they include a "material … that is suitable for … surface coverings …." R.S.C. 1985, c. C-42, s. 64(3)(c). A number of Halo's claimed furniture designs include surface coverings which could form the basis for a copyright claim falling under this exception. Examples of such surface coverings include the metallic, riveted design on the surfaces of Halo's Aviator Tom Cat Chair (A023), Aviator Valkyrie Desk (A027) and Blackhawk line of tables (A029 to A031).

The Federal Court of Canada will be able to offer a potential avenue for redress for all or virtually all of the subject matter of the present dispute, namely CDI's sales of the twenty-five pieces of furniture identified in the Complaint. Under the Berne Convention and relevant Canadian copyright law, Halo will be able to state Canadian copyright infringement claims stemming from those twenty-five pieces of CDI furniture. As a result, the District Court was entirely correct, and certainly committed no abuse of discretion, when it held that Canadian courts are an adequate forum to hear the present dispute.

## III.    THE DISTRICT COURT PROPERLY ALLOCATED THE BURDEN OF PROOF.

There is absolutely no indication that the District Court failed to hold CDI to the proper burden of proof or persuasion. Halo's arguments to the contrary misrepresent key portions of the District Court's Opinion concerning the weighing of private and public interest factors and the adequacy of Canada as a forum.

Halo's assertion that the District Court failed "to hold Appellees to their burden of proof that the private and public interest factors weigh in their favor" (Halo Brief p. 18) is flatly wrong. Even a cursory reading of the District Court's opinion disproves Halo's assertion. At the start of the District Court's interest factor analysis, it states: "The next step in the analysis is the balancing of the private and public interest factors. The factors must weigh in favor of the

Defendants [i.e. CDI] to warrant dismissal under *forum non conveniens*." A010. After going though the specific interest factors and considering the arguments CDI and Halo made about them, the District Court concluded: "Considering all of the private and public factors, together they weigh in favor [of] Defendants." A012. The single Opinion quotation that Halo uses to argue otherwise, that "[t]he public interest factors likewise do not compel the denial of the Motion to Dismiss" (A011), is merely an isolated turn of phrase which does not negate the District Court's overall correct framing and weighing of the interest factors.

The remainder of Halo's argument concerning burdens of proof appears to be premised on the assertion that "the District Court did not expressly find that the Federal Court of Canada is an adequate forum." Halo Brief p. 18. Again, this assertion is demonstrably false, as the District Court explicitly stated: "Since Canada is an adequate forum, the Motion for Dismissal for *forum non conveniens* is granted." A012. As described above, the District Court based this finding of forum adequacy on CDI's arguments that through the Berne Convention, a Canadian court will be able to offer a potential avenue for redress for the subject matter of the dispute. On both the adequacy of Canada as a forum and the balancing of public and private interest factors, CDI proved that dismissal on *forum non conveniens* grounds was proper.

## IV.  THE DISTRICT COURT PROPERLY RECOGNIZED THE TERRITORIALITY OF HALO'S ALLEGED PATENT AND TRADEMARK RIGHTS.

The District Court committed no abuse of discretion related to the territorial nature of Halo's alleged intellectual property rights.  As an initial matter, Halo's arguments in this section (Halo Brief pp. 19-21) rest on at least two separate misrepresentations of the District Court's Opinion.  First, the District Court did not "fail[] to consider the territoriality of Halo's design patent and trademark rights." Halo Brief p. 19.  Instead, the District Court openly recognized Halo's position that it designed its furniture "for consumption in the United States under the protection of [the United States'] intellectual property laws so they seek to enforce the rights here."  A007.  Halo may disagree with how the District Court weighed Halo's U.S. intellectual property rights, but that is not the same thing as failing to consider them.  Second, the District Court did not "[make] it appear as though Halo … is not entitled to any deference in its forum choice."  Halo Brief pp. 19-20.  Instead, the District Court correctly recognized that "[w]hile a plaintiff's choice of forum is entitled to some deference, where its choice is not its home forum, its deference has less force."  A008.  Given this statement, the District Court's subsequent analysis demonstrates how the other relevant factors *overcame* this deference – which is entirely valid since deference is not dispositive.

In addition, as described above in Section II, *forum non conveniens* case law instructs that a potential transferee forum is adequate where it can consider the *subject matter* of the dispute, not each and every alleged cause of action. As also described above, under the particular facts of this case the subject matter of the dispute – CDI's twenty-five accused furniture designs – can be fully addressed by a Canadian court applying Canadian copyright law. As a result, what Halo now decries as "discounting Halo's design patent and trademark rights *entirely*" (Halo Brief p. 19) was actually the entirely proper result of applying the correct legal standards to the present facts. It was certainly not an abuse of discretion.

The heart of Halo's argument about territoriality appears to invite this Court to announce an entirely new rule or precedent that a party suing to enforce U.S. patents or U.S. copyright or trademark registrations should be automatically immune from a dismissal pursuant to *forum non conveniens*. *See* Halo Brief pp. 20-21. Such a rule would certainly be new, as shown by the fact that Halo cites absolutely no legal precedent favoring it, but instead resorts to arguing from "bedrock U.S. public policy principle." *Id*. at 20. Moreover, this proposed rule would actually contradict existing precedent, such as *Lockman Foundation*, which held: "Even if the RICO and Lanham Act claims were unavailable in Japan, that would not furnish a sufficient reason to preclude dismissal. The 'possibility of an

unfavorable change in the law' is not to be given conclusive or substantial weight in a *forum non conveniens* inquiry." 930 F.2d at 768.

This Court should not adopt Halo's proposed new rule about *forum non conveniens* not applying to claims of infringement of U.S. patents, trademarks or copyrights. Most critically, the alleged harm that Halo's rule seeks to redress is illusory. Allowing a *forum non conveniens* dismissal in a case where a foreign company alleges infringement of U.S. intellectual property rights does not mean that "those foreign companies' products simply cannot be protected from infringement within the U.S." Halo Brief p. 20. Instead, the protection of those products would constitute the subject matter of the relevant dispute, which by the definition of a proper *forum non conveniens* dismissal the proposed transferee court would be able to address. That is certainly the case here: If Halo prevails in the eventual Canadian litigation over CDI's twenty-five accused furniture designs, then CDI will not be able to sell those designs anywhere, including in the U.S.

In sum, the District Court committed no abuse of discretion with respect to the territorial nature of Halo's alleged intellectual property rights or the level of deference given to Halo's forum choice. Moreover, this Court should not announce any new rule exempting from *forum non conveniens* doctrine claims of infringement of U.S. intellectual property rights.

## V.   THE DISTRICT COURT PROPERLY CONSIDERED THE RELEVANT BALANCE BETWEEN HALO'S CONVENIENCE AND THE BURDENS TO CDI.

Halo wrongly portrays the guiding principle that a *forum non conveniens* dismissal is proper where "trial in the chosen forum would be oppressive and vexatious to a defendant out of all proportion to plaintiff's convenience" (Halo Brief p. 21) as some sort of absolute requirement.  While many cases mention this principle, including Halo's own cited case of *Piper Aircraft v. Reyno, Piper Aircraft* actually shows that this is not an absolute requirement, at least where the plaintiff is a foreign party.  In *Piper Aircraft*, the district court stated that because plaintiffs were foreign citizens, "plaintiff's choice of forum was entitled to little weight."  454 U.S. at 242.  That court then dismissed the action without any particular finding about oppression and vexation to the defendant being out of proportion to the plaintiff's convenience.  The Supreme Court agreed, stating that "the District Court's decision regarding the deference due plaintiff's choice of forum was appropriate."  *Id*. at 255.  This is only logical, because if a foreign plaintiff's selected U.S. forum is not actually convenient to it, then this guiding principle is irrelevant because there is nothing against which to compare the defendant's oppression and vexation.

Even if a *forum non conveniens* dismissal did actually require that "trial in the chosen forum … be oppressive and vexatious to a defendant out of all

proportion to plaintiff's convenience," the District Court would have committed no abuse of discretion because it stated and applied what is essentially this very standard.    As Halo's Brief notes, the District Court ordered dismissal after recognizing that such a result requires that "the 'vexation and oppression' of the defendant must outweigh the convenience to the plaintiff."  A008.  Contrary to Halo's argument, the District Court's phrasing of this standard has no functional difference from the phrasing Halo quotes from *Piper Aircraft*.  Put another way, there is no bright line or practical way to distinguish between one thing outweighing a second thing and being "out of all proportion to" that second thing. As a practical matter, they are the same, meaning that the District Court's use of one rather than the other to frame the dismissal issue could not have amounted to an abuse of discretion.

Halo's attempt to apply the general principle of proportionality to the specific analysis about relative ease of access to sources of proof (*see* Halo Brief pp. 22-23) demonstrates the inapplicability of this principle where the plaintiff is not suing in its "home" forum.  Halo's Brief wrongly attempts to compare its own burden in transporting documents, furniture samples and witnesses from Hong Kong to Chicago with CDI's parallel burden in transportation from Montreal to Chicago.  As CDI argued (A279, A281) and the District Court accepted (A011), however, Halo faces essentially the same cost in transporting documents, furniture

samples and witnesses from Hong Kong to Chicago or Montreal. In other words, both venues are equally inconvenient to Halo. As a result, the only relevant comparison is between *CDI's* burden in transporting documents, furniture samples and witnesses from Montreal to Chicago and its (lack of) burden in presenting them in Montreal itself. The District Court properly found that there would be a lower overall burden if the case were heard in Montreal (A011), and there was no abuse of discretion in this conclusion.

## VI.    THE DISTRICT COURT COMMITTED NO ABUSE OF DISCRETION IN ITS EVALUATION OF THE PRIVATE INTEREST FACTORS.

The District Court correctly found that two of the private interest factors (ease of access to sources of proof and cost of obtaining attendance of willing witnesses) favored dismissal from Chicago, while the remaining two private interest factors were neutral.

### A. Ease of Access to Sources of Proof

The District Court correctly found that a Canadian court sitting in Montreal would have easier access to sources of physical proof than would a court in Chicago. The District Court actually found that "evidence" of the design, promotion and sale of CDI's alleged infringing goods are located in Canada (A010), not "records" of those things as Halo now asserts. Halo Brief p. 26. This distinction is important, because such evidence includes not only documents, but

also physical samples and prototypes of the twenty-five different accused furniture designs. As a result, Halo's arguments about the ease of digitizing documents and transferring the resulting electronic files relate to only part of the ease of access issue, and do not demonstrate that the District Court made any actual error. As described above in Section V, Halo faces essentially the same cost in transporting documents and physical proof from Hong Kong to Chicago or Montreal, while CDI's costs for the same things would be significantly lower if the case is heard in Montreal. The District Court was thus entirely correct that this factor "tilt[ed] toward" dismissal from Chicago. A010.

In addition, the District Court committed no abuse of discretion when it found that hearing the case in Chicago would create translation costs that hearing it in Montreal would not. First, contrary to Halo's characterization, CDI did not make a "bare assertion" that "certain documents *may* require translation." Halo Brief p. 26. Instead, CDI submitted a declaration from its CEO attesting that most of CDI's business records are in French. A241 to A242. Halo cannot seriously dispute that any such French documents would need to be translated into English before they could be submitted to the District Court in Chicago. Similarly, Halo does not appear to dispute that such documents could be submitted to a bilingual Canadian court without translation. Moreover, there is no actual requirement that CDI estimate the scope or volume of its business records needing translation

before discovery has even begun, as Halo suggests with its citation to *MicroAire Surgical Instruments, LLC v. Arthrex, Inc.*, No. 3:09-CV-00078, 2010 WL 2757351 (W.D. Va. July 13, 2010).  Just because the *MicroAire Surgical* court, acting under its discretion, elected not to be persuaded by translation costs in the absence of more elaborate estimates, it does not mean that the present District Court abused its own discretion when it recognized from the offered evidence that hearing the case in Chicago would create translation costs that hearing it in Montreal would not.

**B. Cost of Obtaining Attendance of Willing Witnesses**

The District Court accurately compared the costs to each party of transporting their own witnesses from their respective headquarters to potential trial sites in Chicago and Montreal.  Halo's Brief complains vaguely that this comparison was "faulty," improper and unfair (Halo Brief p. 26), but it never provides any coherent reason *why* these labels should apply.  Halo is certainly incorrect that hearing the case in Montreal rather than Chicago would shift "the burden of … transportation to Halo."  Halo Brief p. 27.  Because Halo's own witness transportation costs are essentially the same from Hong Kong to either Montreal or Chicago (a fact which Halo does not contest), moving the trial from Chicago to Montreal would not shift transportation costs from one party to the

other, but instead would result in decreased costs for CDI without any increased costs to Halo.

In addition, Halo's complaint that the District Court's ultimate decision to dismiss the case from Chicago "essentially forced Halo to 'choose' the forum that is optimal for" CDI (Halo Brief p. 27) has nothing to do with, and identifies no flaws in, the District Court's specific analysis of the relative costs of obtaining attendance of willing witnesses. Finally, Halo's arguments about the relative ease of travel between Montreal and Chicago (*id.*) also describe no flaws in the District Court's analysis. The District Court's comparison was between trial in Montreal with little to no witness transportation costs to CDI, and trial in Chicago with real, nonzero witness transportation costs to CDI. The District Court's conclusion that this factor favored dismissal from Chicago was entirely correct and thus contained no abuse of discretion.

## C. Compelling Attendance of Unwilling Witnesses

Contrary to how Halo describes this factor in its section heading (Halo Brief p. 27), "cost" is not part of the consideration. Instead, the actual factor is the "availability of compulsory process for attendance of unwilling … witnesses." *Stroitelstvo*, 589 F.3d at 425. As a result, the fact that a Canadian court could compel the deposition testimony of U.S. distributors through letters rogatory with slightly more difficulty than could a U.S. court does not mean that this factor

weighs in Halo's favor.  The only relevant consideration is the simple availability of a process to compel unwilling witnesses, and such a process would be available to both a Chicago and Montreal court.  Thus, as the District Court found, this factor is neutral.  Even if this factor did weigh slightly in Halo's favor, there would still be no overall abuse of discretion, because any slight tilt toward Halo from this factor would still be outweighed by the two other private interest factors favoring CDI.

## VII.  THE DISTRICT COURT COMMITTED NO ABUSE OF DISCRETION IN ITS EVALUATION OF THE PUBLIC INTEREST FACTORS.

The District Court did not abuse its discretion when it balanced the local interests of Illinois and Canada "in having localized disputes decided at home." *Stroitelstvo*, 589 F.3d at 425.  The District Court properly recognized that the present action, which is primarily a copyright infringement dispute between Hong Kong plaintiffs and Canadian defendants, is not in any practical sense "localized" in Illinois.  Contrary to Halo's argument on appeal, the District Court did address Halo's claim that "Illinois has an interest in keeping unauthorized copies out of its borders …" (Halo Brief p. 29), but found that alleged interest to be so weak as to be of no consequence.  As the District Court recognized (A011), there is no local public interest in protecting consumers from copyright infringement, because "[f]ederal copyright laws do not serve this purpose of protecting consumers.  They

are designed to protect the property rights of copyright owners." *Creative Technology*, 61 F.3d at 704. As a result, no alleged local interest of Illinois outweighs Canada's recognized interest "in seeing that claims against its citizens are fairly resolved." A011. CDI actually disagrees with the District Court's conclusion that this factor "is, at best, neutral" (*id.*), believing instead that it favors the Canadian forum. However, CDI recognizes (as Halo so often does not) that its disagreement does not automatically mean that the District Court has abused its discretion.

The District Court committed no abuse of discretion when it found that the factor of the forum's familiarity with applicable substantive law was essentially neutral. The District Court was completely correct when it stated that "[f]amiliarity with the law would not pose any problem if Canada applies its own laws to the case …." A011. To the extent that the District Court speculated about what might happen if a Canadian court were to apply U.S. law, such speculation was dicta, or at most harmless error. This is because, as CDI argued to the District Court (A282-A283), under the Berne Convention a Canadian court would certainly be applying Canadian copyright law to Halo's claims. Under that convention, copyright claimants who are citizens of or domiciled in any signatory country "are afforded the same protection in [signatory] foreign nations that those nations provide *their own* authors." *Creative Technology*, 61 F.3d at 701 (emphasis

24

added).  Canada provides copyright protection to its own authors through Canadian copyright law, so it would do the same for Halo.  Because a Canadian court and a U.S. federal court sitting in Chicago would each apply its own nation's laws to the present dispute, the District Court was correct that this factor is neutral.

It was also no abuse of discretion for the District Court to omit an explicit discussion of some of the public interest factors.  Both parties had agreed that the relative court congestion factor was neutral (*see* A236 and A269), so there was no particular need for the District Court to weigh in on the issue.  In addition, the District Court did commit any abuse of discretion by leaving out a separate discussion of whether a Canadian court would face any conflict of laws problems with the current dispute.  As described above, a Canadian court would be applying Canadian copyright law.  In that case, no conflict of laws issues would arise.  In short, the District Court committed no abuse of discretion when it found that each of the public interest factors were neutral, in the sense that they did not weigh against dismissal from Chicago.

## VIII. THE DISTRICT COURT COMMITTED NO ABUSE OF DISCRETION WHEN IT BALANCED THE PRIVATE AND PUBLIC INTEREST FACTORS.

The District Court properly balanced all of the public and private factors and found that "together they weigh in favor [of CDI]."  A012.  Halo's challenge to this overall finding (Halo Brief p. 30) rests on Halo's assertions that the District

Court abused its discretion when it found that the private interest factors, particularly the ease of access to sources of proof and the cost of obtaining attendance of willing witnesses, favored dismissal from Chicago. As described above in Section VI, however, the District Court's analysis of both of these factors was entirely correct. As a result, the District Court's overall balancing of the private and public factors as favoring dismissal was also correct, and amounted to no abuse of discretion.

## CONCLUSION

For all of the foregoing reasons, CDI respectfully requests that this Court affirm the District Court's Order dated January 29, 2015 dismissing Halo's Complaint based on the doctrine of *forum non conveniens*.

Respectfully submitted,

COMPTOIR DES INDES INC. and
DAVID OUAKNINE

Date:    September 10, 2015        By:____/s/ Mark R. Bagley_____
                                  Mark R. Bagley
                                  TOLPIN & PARTNERS, PC
                                  100 North LaSalle Street, Suite 510
                                  Chicago, Illinois 60602
                                  (312) 698-8971

                                  Attorney for Defendants-Appellees
                                  COMPTOIR DES INDES INC. and
                                  DAVID OUAKNINE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **BRIEF OF DEFENDANTS-APPELLEES COMPTOIR DES INDES, INC. and DAVID OUAKNINE** was served via the Federal Circuit electronic filing system to:

> Richard D. Harris
> Barry R. Horwitz
> GREENBERG TRAURIG, LLP
> 77 West Wacker Drive, Suite 3100
> Chicago, Illinois 60601

on this 10th day of September, 2015.

Upon acceptance by the Court of the electronically-filed Brief, I will send to the Court six paper copies of the same, via First Class United States mail, within the time provided in the Court's rules.


_____ /s/  Mark R. Bagley _____
                 Mark R. Bagley